# THE LAW FIRM OF HUGH H. MO, P.C.

225 BROADWAY, 27TH FLOOR
NEW YORK, NEW YORK 10007
(212) 385-1500
FAX: (212) 385-1870 / EMAIL: hhmo8@verizon.net

February 14, 2018

<u>Via ECF</u>
Honorable Lorna G. Schofield
District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Meide Zhang and Zhongliang v. Liang Zhang, et al.*,
              <u>Case No. 1:16-cv-04013 (LGS) (HBP)</u>

Dear Judge Schofield,

      We represent defendants Liang Zhang ("L. Zhang"), Ru Qiu Li ("Li), and Sunshine USA Inc. d/b/a Wu Liang Ye ("Sunshine") (collectively the "defendants") in the above-referenced matter.

      We write in response to plaintiffs' counsel's letter brief filed on February 11, 2018, asking that he not be personally sanctioned and the jury verdict in this case not be set aside, as a consequence of his intentionally submitting to the jury, for their deliberations, excerpts of deposition transcripts which the Court ruled were not admitted into evidence.

**A.    Plaintiffs' Counsel's conduct Warrants the Setting Aside of the Jury's Verdict in its Entirety.**

      The selected excerpts are from the deposition testimony of defendants L. Zhang and Li, as well as two employees of defendant Sunshine – Herman Tang ("Tang") and Sherry Song ("Song") are extensive and cherry-picked by plaintiffs' counsel, covering a wide range of critical issues in the trial, including whether L. Zhang and Li should be found to be personally liable as "employers" under FLSA) – and were submitted by plaintiffs' counsel in order to sway the jury. The Court in its Order to Show Cause notes that "[t]he deposition excerpts were tabbed by witness name, and some pages included highlighted and/or underlined text and handwritten notes in the margin." However, plaintiffs' counsel's letter brief states that neither he, his co-counsel, nor legal assistants made any highlight, underlined text or wrote margin notes in the transcripts. Assuming that he is correct, then the only plausible explanation is that the jury highlighted and/or underlined the text and made handwritten notes in the margin. This conclusion supports a finding that the excerpts

THE LAW FIRM OF HUGH H. MO, P.C.

Honorable Lorna G. Schofield								February 14, 2014
Zhang et al. v. Zhang et al.								Page -2-

were not only reviewed by the jury, but were also marked up by them. Accordingly, the Court should infer that the submission of the transcripts resulted in actual prejudice against defendants and unduly influenced the jury in rendering a verdict that should be set aside, since the Court cannot say "with fair assurance" that the jury was not substantially swayed by plaintiffs' counsel's introduction of the deposition transcripts during its deliberations.

Plaintiffs' counsel's claim that he "mistakenly believed that two binders" he gave to the Court Deputy "were the Plaintiffs' trial exhibits" and not an intentional act, is not persuasive. After the January 25, 2018 final pretrial conference, the Court denied plaintiffs' counsel's request that the transcripts be received in evidence. The Court ruled that the parties could use the transcripts for purposes of impeachment. The Court also directed that the parties submit two sets of pre-marked and pre-admitted exhibits to the Court prior to the start of jury selection: one for the Court, one for the jury, and one for the adverse party. The Court also suggested that it may be helpful to the jury if the parties also provide a condensed version of the pre-admitted exhibits. This would facilitate the jury's review of the voluminous exhibits. On January 29, 2018, at the start of jury selection, both parties submitted their sets of pre-marked/pre-admitted evidence. Defendants also provided the Court with two condensed binders of pre-admitted exhibits. Plaintiffs did not provide a condensed binder of pre-admitted exhibits.

On February 1, 2018, after the parties rested and prior to the start of summation, the Court received into evidence additional compilation of pre-admitted exhibits from defendants' counsel, which were handed to the Court Deputy. The Court then requested counsel for both parties to confirm with the Court Deputy the exhibits previously submitted in binders and received in evidence for submission to the jury for their deliberation. There was no need for plaintiffs' counsel to submit any additional exhibit binders to the Court Deputy at this point, because he previously provided his two sets of exhibit binders to the Court prior to jury selection. Thus, plaintiffs' counsels' explanation that he mistakenly provided the Court Deputy with two binders of plaintiffs' trial exhibits, one of which were the deposition excerpts, makes no sense. It is undisputed, however, that plaintiffs' counsel did hand over a binder to the Court Deputy, containing deposition excerpts which were provided to the jury for their deliberation.

We submit that "one cannot say, with fair assurance" that the deposition excerpts did not substantially sway the jury in its finding that L. Zhang is personally liable as an "employer"; that Tang's testimony that plaintiffs did not work during their lunch hours and afternoon breaks was not credible; and that the plaintiffs did not have notice that Sunshine was claiming a tip credit. If plaintiffs' counsel is correct that he provided unmarked deposition excerpts to the jury then the jury must have reviewed, highlighted, underlined and made margin notes of the excerpts during the jury's deliberations and was unduly influenced by the excerpts not in evidence in arriving at a verdict.

THE LAW FIRM OF HUGH H. MO, P.C.

Honorable Lorna G. Schofield  February 14, 2014
Zhang et al. v. Zhang et al.  Page -3-

Its worth noting that during the trial plaintiffs' counsel attempted to impeach L. Zhang, Li, Tang and Song by selectively using their deposition testimony, and, at times, only read the question and part of the answer, and he also improperly published portions of the deposition transcripts to the jury on the LCD projector knowing that the deposition transcripts were not in evidence. During summation, plaintiffs' counsel also extensively read portions of deposition transcripts and improperly published them on the LCD projector. Clearly, plaintiffs' counsel considers the deposition transcripts to be critical not only in impeaching the credibility of defendants' witnesses, as well as substantiating plaintiffs' claims. Plaintiffs' counsel's assertion that the deposition excerpts provided to the jury did not result in any undue influence or any actual prejudice in light of the purported "overwhelming evidence" in support of the jury's verdict is unavailing and misses the point. The critical issue is whether plaintiffs' error affected defendants' substantial rights.

Fed.R.Civ.P. 61 provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence -- or any error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Thus, under Rule 61, courts are instructed to "disregard all errors and defects that do not affect any party's substantial rights". Fed.R.Civ.P 61. "Error cannot be regarded as harmless merely because the trial judge or the appellate court thinks that the result that has been reached is correct." Federal Practice & Procedure § 2883. Instead, the "probable effect of the error" must be "determined in light of all evidence." *Id*.

Whether an evidentiary error implicates a substantial right depends on "the likelihood that the error affected the outcome of the case." *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2nd Cir. 1993). In *Kotteakos v. United States*, 328 U.S. 750 (1946), the Supreme Court held that "if one cannot say, with fair assurance . . . that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." *Id*. at 765; "Application of this test is highly sensitive to the unique context of the particular case, including the one-sided or closely balanced nature of the evidence bearing upon the issue which the error arguably affected . . . and the centrality of the issue to the ultimate decision." *Malek*, 994 F.2d at 55, *quoting*, *Jordan v. Medley*, 711 F.2d 211, 219 (D.C.Cir. 1983). This standard of error applies to civil cases. *Matusick v. Erie County Water Authority*, 757 F.3d 31, 50 (2nd Cir. 2014); *Castro v. City of New York*, 413 Fed.Appx. 364, 366 (2nd Cir. 2011); *Tesser v. Board of Educ. of City School District of City of New York*, 370 F.3d 314, 319 (2nd Cir. 2004); *Rotolo v. Digital Equip. Corp.*, 150 F.3d 223, 225 (2d. Cir. 1998); *Hynes v. Coughlin*, 79 F.3d 285, 291 (2d Cir. 1996); Phoenix *Assocs. III v. Stone*, 60 F.3d 95, 105 (2d Cir. 1995); Malek, 944 F.2d at 55.

**THE LAW FIRM OF HUGH H. MO, P.C.**

Honorable Lorna G. Schofield  February 14, 2014
Zhang et al. v. Zhang et al.  Page -4-

In the instant action, defendants respectfully submit that this Court cannot conclude "with fair assurance" that the jury verdict, particularly as it relates their determination that L. Zhang was an "employer" under FLSA, was not affected by plaintiffs' counsel's submission of deposition excerpts in violation of this Court's order.

Plaintiffs' counsel had the burden to prove that L. Zhang and Li had the power to: hire and fire; supervise and control the work schedules or the power to supervise or control the conditions of employment; determine rate of pay and method of payment; and maintain employment records. Much of the evidence produced at trial by defendants supported a showing that L. Zhang and Li were not "employers" under the FLSA. Plaintiffs' counsel's submission of the deposition transcripts (excluded by the Court), could very well have tipped the balance in plaintiffs' favor on this critical issue, especially since he asserts that the highlights, underlighting, and notes on the margins were not done by him, co-counsels, or legal assistants. Defendants were prejudiced by the improper inferences that the jury may have drawn from the selective deposition excerpts. Because of the manner in which plaintiffs' counsel caused the transcripts to be submitted to the jury, without the knowledge of the Court or defendant's counsel, until after the verdict, there was no opportunity for a curative or limiting instruction being given to the jury or further questioning by defendants' counsel.

Plaintiffs' counsels' analysis and comparison of the deposition excerpts with the trial transcripts failed to take into account the effect the deposition transcripts had on the jury deliberation process on contested critical and material issues of facts. Plaintiffs' counsel's effort to justify the jury verdict in spite of the jury being improperly given the deposition excerpts is unavailing and is highly speculative that the excerpts did not affect the outcome of the case.

Accordingly, the verdict in this case should be set aside in its entirety.

**B.   In the event of a New Trial, Defendants should be awarded Attorneys' Fees.**

If a new trial is ordered, it is the result of plaintiffs' counsel's intentional misconduct in providing the deposition excerpts, not in evidence, for the jury's deliberations, which taints the jury verdict.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

**The Law Firm of Hugh H. Mo, P.C.**

Honorable Lorna G. Schofield  February 14, 2014
Zhang et al. v. Zhang et al.  Page -5-

See, 28 U.S.C. § 1927; Red Star Towing v. "Ming Giant", 552 F.Supp. 367, 387 (S.D.N.Y. 1982), modified on other grounds, 563 F. Supp. 224 (S.D.N.Y. 1983).

In *Red Star Towing*, plaintiff's counsel permitted an exhibit to go to the jury despite the Court's instructions to the contrary. The Court found that the attorney's conduct constituted "willful misconduct". 555 F. Supp. at 584. The court also noted that it has inherent power to assess attorneys' fees against counsel separate and apart from 28 U.S.C. § 1927:

> The Supreme Court recognized this power and discussed it at length in *Roadway Express*, the very case in which the court adopted a narrow interpretation of the old section 1927. In that case, the court recognized the inherent power of the court to dismiss an action and reasoned that, since assessment of counsel fees is a less severe sanction than dismissal, there was strong support for the power to assess such costs. *Roadway Express, Inc. v. Piper,* 447 U.S. at 765, 100 S.Ct. at 2463–64. The Supreme Court has recognized the authority to assess attorneys' fees as an exception to the general rule that each side bears its own costs in litigation. In *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975), the court acknowledged the "inherent power" of courts to:
>
>> assess attorneys' fees for the "willful disobedience of a court order ... as part of the fine to be levied on the defendant[,] *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 426–428 [43 S.Ct. 458, 465–66, 67 L.Ed. 719] (1923)," *Fleischman Distilling Corp. v. Maier Brewing Co., supra,* [386 U.S. 714] at 718 [87 S.Ct. 1404, 1407, 18 L.Ed.2d 475]; or when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...." *F.D. Rich Co. [v. United States ex rel. Industrial Lumber Co.],* 417 U.S. [116] at 129 [94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 [ (1974) ] (citing *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962)).
>
> 421 U.S. at 258–59, 95 S.Ct. at 1622 (as quoted in *Roadway Express*). "Bad faith" may be found in the conduct of litigation as well as the filing of the action. *Roadway Express, Inc. v. Piper,* 447 U.S. at 766, 100 S.Ct. at 2464 (cases cited). The Court in *Roadway* went on to observe that

THE LAW FIRM OF HUGH H. MO, P.C.

Honorable Lorna G. Schofield  February 14, 2014
Zhang et al. v. Zhang et al.  Page -6-

> [t]he power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes. *Id.* (footnote omitted).

522 F. Supp. at 388, n. 21.

Based on the foregoing and this Court's inherent power to control ligation, defendants submit that plaintiffs' counsel's misconduct warrants the setting aside of the jury's verdict in its entirety, as well as the imposition of attorneys' fees and costs incurred by defendants for the post-verdict litigation and any re-trial of this action.

We thank the Court for its kind consideration.

Respectfully submitted,

Hugh H. Mo

cc: David Yan, Esq. (via ECF)