UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X   Index No.  1:16-cv-04013-LGS-HBP

MEIDE ZHANG and ZHONGLIANG QIU,
individually and on behalf of all others similarly
situated,

                                        Plaintiffs,

               v.

LIANG ZHANG and RU QIU LI
as shareholders and corporate officers, and
SUNSHINE USA INC. d/b/a WU LIANG YE,

                                        Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – X

## DECLARATION OF DAVID YAN

**DAVID YAN**, an attorney duly admitted to practice in this Court, pursuant to 28 U.S.C.

§ 1746, declares under penalty of perjury that the following is true and correct:

1.     I am the attorney of record for Plaintiffs MEIDE ZHANG and ZHONGLIANG

QIU ("**Plaintiffs**") in the above-captioned action, and am fully familiar with the facts and

circumstances of this case.  I make this declaration in support of the Plaintiffs' Memorandum of

Law opposing the Defendants' motion to set aside the jury verdict, for a new trial and for

sanction against the Plaintiffs' counsel.

2.     The extra-record deposition excerpts were given to the Court deputy by accident.

3.     In order to finish an appeal brief due on February 1, 2018 in an unrelated personal

injury case involving a novel issue to submit to the Appellate Division – Second Department of

the Supreme Court for the State of New York, I worked overnight on February 1, 2018 until 7:08

a.m.  Because I already had little sleep for several days during the trial in the instant case, I was

extremely exhausted on February 1, 2018.

4.     After I emailed the finished brief to the printer at 7:08 a.m. on February 1, 2018, I

did not take any nap and continued to work on the closing statement of the instant case.  I

continued to review trial transcripts, trial exhibits and prepare the closing statement when I traveled to the Court for the closing argument.

5.      After the parties rested and before the summations in the morning on February 1, 2018, the Court ordered the parties to provide the Court with copies of the parties' respective trial exhibits to give to the jury for their deliberations.  At this time, I went to the box where the Plaintiffs' trial exhibits were stored and took two binders to give them to the Court's deputy without taking a close look due to my exhaustion.

6.      The Plaintiffs' trial exhibits were prepared by my office's legal assistants.

7.      My office's legal assistants delivered the Plaintiffs' trial exhibits to the Court room in the evening on January 25, 2018.  In the morning on January 29, 2018, they came to the court room to put the trial exhibits in order.  Then I helped them to move the box containing the Plaintiffs' trial exhibits from back of the court room to the front right hand side of the court room.

8.      I mistakenly believed that two binders were the Plaintiffs' trial exhibits as the Court told the parties in the prior email to bring two copies of the trial exhibits to the Court. Unfortunately, one of the binder was the deposition excerpts that I had proffered; but were not admitted into evidence, at the final pretrial conference on January 25, 2018.

9.      My office's legal assistants confirmed that they did not highlight and/or underlined text and did not make any handwritten notes in the margins to the deposition excerpts.

10.      Neither I nor my co-counsel made any highlight, underlined text or handwritten notes to the deposition excerpts.

11.      I did not try to sneak in the inadmissible evidence in order to improperly sway the jury.

12.     The improper conduct was a negligent and an isolated event.

13.     In the trial, I made my efforts to cover most of the inconsistent testimonies of the defendant Liang Zhang and his witnesses by confronting defendant Liang Zhang, his witnesses Herman Tang and Sherry Song with the deposition transcripts taken before the trial.  Hence, practically I did not need to sneak in the extra-record of the deposition excerpts since the jurors were already aware of the related testimonies of the defendant Liang Zhang and his witnesses.

Dated: Flushing, New York
        April 9, 2018

**LAW OFFICES OF DAVID YAN**

By:     _/s/ David Yan_
        David Yan (DY2343)
        Law Offices of David Yan
        136-20 38th Avenue, Suite 11E
        Flushing, New York 11354
        Tel:  (718) 888-7788

        _Attorney for Plaintiffs_