```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MEIDE ZHANG, et al.,                                         :
                                      Plaintiffs,            :
                                                             :        16 Civ. 4013 (LGS)
                  -against-                                  :
                                                             :        OPINION AND ORDER
LIANG ZHANG, et al.,                                         :
                                      Defendants.            :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2018

LORNA G. SCHOFIELD, District Judge:

Defendants Liang Zhang, Ru Qiu Li and Sunshine USA Inc. d/b/a Wu Liang Ye move for a new trial and sanctions against Plaintiffs' counsel David Yan ("Mr. Yan") under 28 U.S.C. § 1927.[1] Defendants' motion arises out of Mr. Yan's conduct during trial and follows an Order to Show Cause hearing based on that same conduct. Defendants' motion for a new trial is granted in part, and Defendants' motion for sanctions against Mr. Yan is granted.

**I.     BACKGROUND**

The following facts are taken from the Court's February 5, 2018, Order to Show Cause, the parties' testimony at the February 15, 2018, hearing and the parties' submissions on this motion.[2]

On January 25, 2018, a final pretrial conference was held, at which the Court ruled that it would not pre-admit as exhibits any deposition transcripts of witnesses who were testifying at trial. The Court further ruled that deposition transcripts of such witnesses could be used for

---

[1] Defendants' motion for a new trial, which is styled as a motion under Federal Rule of Civil Procedure 61, is construed as a motion under Federal Rule of Civil Procedure 59.
[2] Despite Plaintiffs' counsel's untimely opposition filing, the Court considered all materials in connection with this motion.

impeachment.[3] The parties were ordered to provide the Court on January 29, 2018, the first day of trial, a list of exhibits that the Court had ruled at the final pretrial conference it would pre-admit.

On January 29, 2018, Mr. Yan provided the Court with a list of pre-admitted exhibits, which the Court admitted into evidence on the record at trial. Consistent with the Court's January 25, 2018, ruling, the list did not include any deposition transcripts. Although Mr. Yan used some of the transcripts for cross-examination, he did not renew his motion to admit any of them into evidence.

On February 1, 2018, after the parties' rested, but before summations, all counsel were requested to provide the Court with copies of their respective trial exhibits to give the jury for their deliberations. Mr. Yan gave the Courtroom Deputy two binders for the jury -- one, which consisted of Plaintiffs' exhibits that had been admitted into evidence; and a second binder, which consisted of all of the deposition excerpts that Mr. Yan had proffered at the final pretrial conference, which had not been admitted into evidence. Both notebooks, including the transcripts not in evidence, were sent to the jury room where they remained during all of the jury's deliberations. The Court discovered the binder of unadmitted deposition excerpts in the jury room after the jury had been discharged.

The binder includes excerpts of deposition transcripts for Defendant Zhang, Herman Tang and Sherry Song, who testified at trial, and Ru Qiu Li, who did not testify at trial. As explained below, Mr. Yan had tabbed the deposition excerpts by witness name, and the jury

---

[3] The Court excluded the evidence on Rule 403 grounds, having concluded that it was cumulative of the witnesses' testimony and likely to confuse the jury. The Court's ruling was without prejudice to Plaintiffs' renewing the offer of evidence during trial.

apparently had highlighted and/or underlined some testimony, and had written notes in the transcript margins.[4]

The jury rendered a verdict in favor of Plaintiffs on both the FLSA and NYLL claims and answered special interrogatories on a detailed verdict form to enable the Court to calculate damages.

On February 5, 2018, the Court ordered Mr. Yan to show cause why he should not be sanctioned for the above-described conduct and to appear at a hearing on February 15, 2018.

On February 15, 2018, a hearing was held regarding Mr. Yan's conduct during trial and its effect if any on the verdict. Mr. Yan confirmed that Plaintiffs' counsel had not highlighted, underlined or annotated any of the text in the binder that was improperly sent to the jury, necessitating the conclusion that the jury had looked at the contents of the binder and made the annotations. Mr. Yan testified that his giving the Courtroom Deputy the binder was a "mistake" and an accident and that "[his] mind was focused on the closing statements, [his] arguments."

## II.   New Trial

### A.  Standard

Under Federal Rule of Civil Procedure 59, a new trial on some or all issues may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(A)(1)(a). "Extra-record materials used in jury deliberations are presumptively prejudicial, but that does not mean that a new trial is required whenever a juror has been exposed to extrinsic information." *Davis v. Velez*, 797 F.3d

---

[4] The jury's annotations are not discussed at length as the standard for granting a new trial is an objective one, as discussed below. However, as an example, the jury highlighted portions of Song's testimony, stating that Defendant Zhang could review payments "whenever [he] felt like" and that Song gave "daily tracking, payments, receipts, monthly P&L statements, prepared by Quick book software" to Defendant Zhang but not to any other owners of the corporation and Wu Liang Ye Restaurant.

3

192, 209 (2d Cir. 2015) (internal quotation marks and alterations omitted). "When a new trial is sought based on the introduction of extra-record evidence during jury deliberations, the trial court has broad discretion to deny the motion if it finds, in light of (1) the nature of the information or contact at issue, and (2) its probable effect on a hypothetical average jury, that the impropriety has not had a prejudicial effect." *Id.* (internal citations and quotation marks omitted). "The effect inquiry properly considers the entire record in making an objective assessment of possible prejudice." *Id.* (internal quotation marks omitted); *see also Muktadir v. Bevacco Inc.*, 631 F. App'x 1, 5 (2d Cir. 2015) (summary order) (noting parenthetically that "when a deliberating juror has been exposed to outside influence, the court should apply an objective test to determine whether that influence prejudiced deliberations, focusing on: (1) the nature of the information or contact at issue, and (2) its probable effect on a hypothetical average jury") (internal quotation marks omitted)). Under Federal Rule of Civil Procedure 61, "[u]nless justice requires otherwise, no error in admitting or excluding evidence -- or any other error by the court or a party -- is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order." The Court "must disregard all errors and defects that do not affect any party's substantial rights." *Id.*

**B.    Application**

Defendants move to set aside the verdict in whole or in part based on the jury's consideration during its deliberations of deposition excerpts that were not in evidence. Defendants' motion is granted only as to the issue of Defendant Zhang's status as Plaintiffs' employer.

Based on the evidence presented at trial and the jury's answers to the special interrogatories on the verdict form, it would be improper to set aside the verdict in its entirety.

4

The material disputed issues at trial included: Defendants' employer status, the number of hours each Plaintiff worked, whether Defendants were entitled to the tip credit under the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL"), whether each Plaintiff spent more than twenty percent of his shift or more than two hours in a day engaged in non-tip producing work, whether each Plaintiff was paid under aliases, whether each Plaintiff signed the Restaurant's work schedules and signed for his paychecks and whether each Plaintiff was compensated for the purchase and maintenance of bicycles for work purposes. Except for Defendant Zhang's employer status and Defendants' entitlement to the tip credit, the jury resolved each of these issues in Defendants' favor. Because Defendants are the prevailing party as to these issues, the jury's consideration of the extra-record material was harmless error, not warranting a new trial. *See* Fed. R. Civ. P. 61.

Although Plaintiffs prevailed on the issue of whether Defendants were entitled to the tip credit under the NYLL, a new trial is unnecessary on that issue. To take advantage of the tip credit under the NYLL, a defendant must prove four elements, one of which is that the defendant informed the plaintiff in writing, in English and the employee's primary language -- here, Mandarin -- prior to the start of employment. 12 N.Y.C.R.R. §§ 146-1.3, 146-2.2. The notice must include specific information, and the employee must sign an acknowledgement and receipt of this notice, which the employer must preserve for six years. Here, it was not disputed at trial that the required notices were not provided to Plaintiffs in Mandarin, necessitating a finding of liability. The jury's consideration of the deposition transcript excerpts therefore was harmless error and is not a ground for granting a new trial. *See* Fed. R. Civ. P. 61.

A new trial is warranted, however, on the issue of Defendant Zhang's employer status because the deposition transcript excerpts would have prejudiced an average jury's deliberations.

5

The extra-record material -- selected excerpts of witnesses' depositions -- was directly relevant to the contested issue of whether Defendant Zhang was Plaintiffs' employer, and suggested, to a greater extent than did the evidence at trial, that he was involved in the Restaurant's daily operations. For example, according to deposition excerpts provided to the jury, the Restaurant's bookkeeper, Sherry Song, testified at her deposition that Defendant Zhang managed and monitored the Restaurant's finances and that she prepared for him "daily tracking, payments, receipts, monthly [profit and loss] statements, prepared by Quick book software." At trial, she testified only that Defendant Zhang signed payroll and other checks for the Restaurant.

The transcript excerpts also highlight inconsistencies between the deposition and trial testimony of key witnesses, possibly undermining their credibility or reliability. The Restaurant's manager, Herman Tang, for example, testified during his deposition that he found Defendant Zhang "through [a] newspaper"; but he testified at trial that he already worked there when Defendant Zhang acquired the Restaurant from the previous owner.

Mr. Yan's argument that the "overwhelming evidence in the record" supports the jury's finding that Defendant Liang Zhang was Plaintiffs' employer is unavailing. Although the evidence at trial was sufficient to find that Mr. Zhang was Plaintiffs' "employer," a reasonable jury could have found otherwise.

The jury was instructed that:

Several facts may be relevant in determining whether an individual Defendant is an employer. No single fact is controlling, and you must make your decision based on the totality of the circumstances. You may consider whether the Defendant in question:

- Had the power to hire and fire the Plaintiff;
- Had the power to supervise and control the Plaintiff's work schedules or the power to supervise or control the Plaintiff's conditions of employment;

6

- Had the power to determine the Plaintiff's rate of pay and method of payment; and
- Had the power to maintain employment records.

The factors I have just listed are not exhaustive. You may also consider any other factors that you think are relevant to determining whether an individual Defendant had the power to control the means and manner of the Plaintiff's employment.

You may also consider whether the individual Defendant had operational control of the company that employed the Plaintiff, possessed an ownership interest in the company or controlled significant functions of the business. However, being an owner or officer of the company is not enough, standing alone, to make the individual Defendant an employer; he must also have some involvement in the way the company interacts with employees, such as workplace conditions and operations, personnel or compensation.

At trial, Defendant Zhang testified as follows: in 2001 he became the 50% owner of the Restaurant, together with his wife who owned the other 50%. The Restaurant was already in operation and the three most senior employees -- the manager, the chef and the book keeper -- were already working at the Restaurant. Defendant Zhang determined the compensation of these three employees, and delegated the management of the Restaurant to Herman Tang. Mr. Tang was responsible for hiring, firing, managing, supervising and reviewing the workers. As Defendant Zhang put it: "Anything happened, [Mr. Tang] handled." Defendant Zhang knew the number of employees but "cannot put name to the face." Defendant Zhang typically was outside the United States more than six months a year. He signed all the checks for the Restaurant, including the payroll checks, but pre-signed checks (in blank) before going out of town.

While this evidence is sufficient to support a finding that Defendant Zhang was Plaintiffs' "employer," it is far from overwhelming. An average jury would have been both interested in and influenced by the deposition transcript excerpts, which appear to have been curated to highlight Defendant Zhang's status as Plaintiffs' employer and were available for the jury's consideration throughout its deliberations. *Cf. Manley v. AmBase Corp.*, 337 F.3d 237,

252 (2d Cir. 2003) (holding that a new trial was unnecessary because the improper communication "did not convey any extra-record information" to the affected juror or "attempt to tell the juror how she should decide the case"). Therefore, Defendants' motion for a new trial is granted on the limited issue of Defendant Zhang's status as Plaintiffs' employer.

### III. Sanctions

Defendants seek sanctions under 28 U.S.C. § 1927 or this Court's inherent power against Plaintiffs' counsel for "his intentionally submitting to the jury, for their deliberations, excerpts of extra-record deposition transcripts."

#### A. Standard

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under § 1927 are proper only when the attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016) (quoting *State St. Bank v. Inversiones Errazuriz*, 374 F.3d 158, 180 (2d Cir. 2004)); *accord 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015). The district court also must make "a finding of conduct constituting or akin to bad faith." *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (quoting *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir. 2000)); *see also Va. Props., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 113 (2d Cir. 2017) (internal quotation marks omitted) ("But we require a high degree of specificity in the factual findings of lower courts upon which sanctions for bad faith are based."); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("[W]e hold today that an award made under § 1927 must be

8

supported by a finding of bad faith similar to that necessary to invoke the court's inherent power."). "Unlike [other] sanctions which focus on particular papers, the inquiry under § 1927 is on a course of conduct." *Estate of Shaw v. Marcus*, No. 14 Civ. 3849, 2017 WL 825317, at *5 (S.D.N.Y. Mar. 1, 2017) (quoting *Bowler v. U.S. I.N.S.*, 901 F. Supp. 597, 605 (S.D.N.Y. 1995)).

The Court's inherent power provides an alternative basis for imposing sanctions. "Every district court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for . . . disobeying the court's orders." *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (internal quotation marks omitted). A court may not impose a sanction of attorneys' fees and costs pursuant to its inherent power absent "clear evidence" that the challenged conduct is (1) "entirely without color," *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012), and (2) undertaken in bad faith, *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1185 (2017); *accord Va. Props.*, 865 F.3d at 113. "The showing of bad faith required to support sanctions under 28 U.S.C. § 1927 is similar to that necessary to invoke the court's inherent power." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks omitted). A court also may invoke its inherent power "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000); *accord Arrowhead Capital Fin., Ltd. v. Seven Arts Entm't, Inc.*, No. 14 Civ. 6512, 2017 WL 1653568, at *2 (S.D.N.Y. May 2, 2017).

### B. Application

Defendants move for costs and fees incurred in connection with post-verdict litigation and any new trial. Defendants' motion is granted pursuant to the Court's inherent power.

At the January 25, 2018, final pretrial conference, the Court was clear that the deposition transcript excerpts of testifying witnesses would not be pre-admitted into evidence. Mr. Yan clearly understood the Court's ruling, as demonstrated by his giving the Court on January 29, 2018, a list of pre-admitted exhibits that did not include the deposition transcript excerpts. During the trial, Mr. Yan never renewed his offer of the excerpts into evidence. Despite a clear order of the Court, about which there does not appear to have been any misunderstanding, Mr. Yan gave the Courtroom Deputy the excluded, extra-record material for the jury to use in its deliberations. This conduct unreasonably and unnecessarily multiplied the proceedings, necessitating a post-trial hearing, motion practice and, in the end, a new trial.

Mr. Yan's actions unreasonably prolonged the proceedings and wasted the time of all concerned -- the Court, defense counsel and Defendants. To authorize sanctions under § 1927, however, the Court also must find that Mr. Yan acted with an improper purpose akin to bad faith. *See Gollomp*, 568 F.3d at 368. Based on the circumstances, including Mr. Yan's demeanor before the Court at the show cause hearing, it is not sufficiently clear that Mr. Yan acted willfully and with the intention of defying the Court's order. It appears more likely that he acted recklessly and irresponsibly. During the trial, Mr. Yan suggested that he was preoccupied with other clients' matters in the evenings and was not sleeping at night. His declaration confirms that he did not sleep at all the night before the incident at issue. Mr. Yan stated at the show cause hearing and testified in his declaration that he gave the Courtroom Deputy the deposition binder by mistake and unintentionally. Although Mr. Yan's behavior was inexcusable, his explanation is consistent with the Court's observations that Mr. Yan often appeared tired and/or distracted during the trial, apparently sleeping at various points during the testimony. The Court is somewhat skeptical that Mr. Yan inadvertently provided the Courtroom Deputy with two

10

binders -- when only one of them contained all of Plaintiffs' trial exhibits -- but nevertheless I am unable to conclude that Mr. Yan acted deliberately for the purpose of influencing the verdict. *See, e.g.*, *Almodovar v. NYC Candy Store Shop Corp.*, No. 16 Civ. 3795, 2017 WL 2874467, at *3 (S.D.N.Y. July 5, 2017) (declining to impose sanctions under § 1927 for counsel's "careless and unacceptable" conduct); *Scrilla Hill Entm't Inc. v. Dupree*, No. 16 Civ. 490, 2016 WL 5817064, at *5 (S.D.N.Y. Oct. 5, 2016) (declining to impose sanctions under § 1927 and noting that bad faith "generally means persistent misconduct that rises above mere incompetence or petulance or even an unfortunate mix of the two").

Although the Court declines to sanction Mr. Yan under § 1927, it grants Defendants' motion under its inherent power, specifically the *Seltzer* exception to the bad faith requirement. Crediting Mr. Yan's testimony that he did not act purposefully to prejudice the jury, the Court finds that Mr. Yan's conduct was not undertaken for his client's benefit, but rather was a "reckless failure to perform his . . . responsibility as an officer of the court" that unreasonably and disrupted and delayed the proceedings and caused the Court to order a new trial. *Seltzer*, 227 F.3d at 41; *see, e.g.*, *Excess Ins. Co. v. Odyssey Am. Reinsurance Corp.*, No. 05 Civ. 10884, 2007 WL 7682617, at *4 (S.D.N.Y. Nov. 29, 2007) (awarding sanctions where plaintiff's counsel's negligence "directly resulted in defendants' having to prepare and file an unnecessary motion" and there was "no evidence that plaintiff's [conduct] was strategic, or in any way related to representing his client's interests"). The imposition of sanctions under the circumstances is not only consistent with the *Seltzer* exception's purpose -- *i.e.*, to address attorney misconduct that interferes with the Court's ability to manage its calendar and courtroom -- but taxing Mr. Yan with the cost of a new trial is the only just result, particularly in light of the extreme recklessness that prompted it.

## IV. CONCLUSION

Defendants' motion for a new trial is **GRANTED** in part, and their motion for sanctions against Mr. Yan is **GRANTED**. Mr. Yan shall pay Defendants' reasonable attorneys' fees and costs incurred in connection with these motions and a new trial. The Clerk of Court is directed to close the motions at Docket Nos. 123 and 132.

Dated: April 17, 2018
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**