USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                           :
MEIDE ZHANG, *et al.*,                      :
                        Plaintiffs,   :
                                                    :      16 Civ. 4013 (LGS)
                -against-                    :
                                                      :      **OPINION AND ORDER**
LIANG ZHANG,                            :
                               Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

After a two-day retrial, a jury returned a verdict in favor of Defendant Liang Zhang ("Defendant"), finding that he was not Plaintiffs Meide Zhang and Zhongliang Qiu's employer under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Although Plaintiffs did not move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), Plaintiffs now move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) or, in the alternative, a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). For the following reasons, both motions are denied.

I. **BACKGROUND**

Familiarity with the facts and circumstances of this case is assumed. A brief summary of the relevant procedural history follows. Plaintiffs commenced this action against Defendants Liang Zhang, Ru Qiu Li and Sunshine USA, Inc. ("Sunshine USA") on May 29, 2016, alleging violations of FLSA and NYLL.

On February 1, 2018, a jury rendered a verdict in favor of Plaintiffs on both the FLSA and NYLL claims in the first trial in this case ("Trial 1") against Defendants Liang Zhang and Sunshine USA, finding that Liang Zhang was Plaintiffs' employer. After the jury was discharged, a binder of unadmitted deposition excerpts was discovered in the jury room, which

Plaintiffs' Counsel had given the Courtroom Deputy to provide to the jury for their deliberations. The jury had highlighted and/or underlined some testimony, and had written notes in the transcript margins pertaining to whether Defendant was Plaintiffs' employer. On April 17, 2018, a new trial was ordered on the sole issue of whether Defendant was Plaintiffs' employer under FLSA and NYLL.

On July 18, 2018, a Final Pretrial Conference was held for the retrial where, among other things, Plaintiffs' motions in limine to exclude Yuelong Liu, an employee at the restaurant where Plaintiffs had worked, as a trial witness was denied, and Defendant's motion in limine to exclude the expert testimony of Stephanie Liu, a Chinese language interpreter, was granted. Plaintiffs' motion for reconsideration was subsequently denied. On July 25, 2018, evidence of payments to Plaintiffs under aliases was excluded.

On July 25, 2018, a jury trial commenced on the question of whether Defendant was Plaintiffs' employer under FLSA and NYLL ("Trial 2"). On July 26, 2018, the jury returned a verdict for Defendant, finding that Plaintiffs had not shown that Defendant was their employer.

## II. DISCUSSION

### A. Judgment as a Matter of Law -- Rule 50(b)

Plaintiffs fail to show that the jury's verdict was wholly without legal support, as required for a judgment as a matter of law when the motion is made for the first time after the jury's verdict. A motion for judgment as a matter of law under Rule 50(a) must be made before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). After the jury returns a verdict, the movant may file a "renewed motion" for judgment as a matter of law. Fed. R. Civ. P. 50(b). "The law is pellucid that a party's failure to move under Rule 50(a) has consequences." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014). For a party

who fails to move for judgment as a matter of law under Rule 50(a) but "later moves under Rule 50(b), the standard for granting judgment as a matter of law is elevated, and the motion may not properly be granted by the district court, or upheld on appeal, except to prevent manifest injustice." *Id.* "Manifest injustice exists where a jury's verdict is wholly without legal support." *Id.*; *accord Greenaway v. County of Nassau*, 327 F. Supp. 3d 552, 562 (E.D.N.Y. 2018).

"When evaluating a motion under Rule 50, courts are required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in [its] favor from the evidence." *ING Glob.*, 757 F.3d at 97 (alteration in original) (internal quotation marks omitted); *accord LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, No. 14 Civ. 9075, 2018 WL 2192186, at *2 (S.D.N.Y. May 14, 2018). "The court cannot assess the weight of conflicting evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury." *Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 113 (2d Cir. 2015) (internal quotation marks omitted).

The jury's verdict finding that Defendant was not Plaintiffs' employer is not "wholly without legal support." *ING Glob.*, 757 F.3d at 97. The jury was instructed[1]:

> [T]he liability of an individual defendant depends on whether that individual possessed the power to control the plaintiffs' work. The focus is on the economic reality of the situation rather than technical concepts or job titles.
>
> Several facts may be relevant in determining whether a defendant is an employer. No single fact is controlling, and you must make your decision based on the totality of the circumstances. You may consider whether the defendant had[] [t]he power to hire and fire the plaintiff; had the power to supervise and control the plaintiffs' work schedules or the power to supervise or control the

---

[1] The jury charge was based on *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) and *Saleem v. Corp. Trans. Grp.*, 854 F.3d 131 (2d Cir. 2017).

3

plaintiffs' conditions of employment; had the power to determine the plaintiffs' rate of pay and method of payment; and had the power to maintain employment records.

The factors I have just listed are not exhaustive. You may also consider any other factors that you think are relevant to determining whether the defendant had the power to control the means and manner of the plaintiffs' employment.

You may also consider whether the defendant had operational control of the company that employed the plaintiff, possessed an ownership interest in the company or controlled significant functions of the business. However, being an owner or officer of the company is not enough, standing alone, to make the defendant an employer; he must also have some involvement in the way the company interacts with employees, such as workplace conditions and operations, personnel or compensation.

A defendant can be an employer under the law even if his or her control over the employee is restricted, indirect or exercised only occasionally. The law does not require an individual to have been personally complicit in any wage violations.

July 26, 2018, Transcript 19:25-21:7.

The evidence at trial was sufficient for a reasonable jury to conclude that Defendant was not Plaintiffs' employer. For example, Defendant testified that he was not involved in the day-to-day operations of the restaurant and did not interact with employees on a regular basis. Herman Tang, the manager, testified that he had the power to hire, fire and control the pay of the restaurant employees, in addition to supervising employees on a day-to-day basis. Yuelong Liu testified that Defendant did not have anything to do with his day-to-day work at the restaurant. Because the jury's verdict was not wholly without legal support, the motion for judgment as a matter of law is denied. *See, e.g.*, *RBC Aircraft Prod., Inc. v. Precise Machining & Mfg., LLC*, 630 F. App'x 11, 13 (2d Cir. 2015) (summary order) (a jury's verdict is not wholly without legal support where "[a]t least two pieces of evidence provide *some* support for the jury verdict") (emphasis in original).

4

Plaintiffs' contention that the evidence was legally sufficient to find that Defendant was Plaintiffs' employer misses the mark; the inquiry is whether there was evidence to support the jury's conclusion that Defendant was *not* Plaintiffs' employer.

Plaintiffs appear to argue that they will suffer "manifest injustice" unless they are permitted to collect against Defendant as the president of Sunshine USA, because the judgement against Sunshine USA from the Trial 1 may be uncollectable. This argument misunderstands the nature of a Rule 50 judgment as a matter of law. The issue is whether the jury's verdict is so wholly without legal support that enforcing it would result in manifest injustice. *See ING Glob.*, 757 F.3d at 97. The question is not whether Plaintiffs can fashion some other equitable argument of injustice to overturn the jury's verdict.

### B. New Trial -- Rule 59(a)

Plaintiffs fail to show that the weight of the evidence, conduct by counsel or evidentiary rulings warrant a new trial.

#### 1. Rule 59(a)

Under Rule 59(a), a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "A trial court should not grant a motion for a new trial unless it is 'convinced that the jury . . . reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (alteration in original) (quoting *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 314 (2d Cir. 1999)); *accord LifeTree Trading Pte., Ltd.*, 2018 WL 2192186, at *2. A new trial may be granted if (1) "'the verdict is against the weight of the evidence,'" *Santa Maria v. Metro-N. Commuter R.R.*, 81 F.3d 265, 273 (2d Cir. 1996) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)); *accord Duarte v. St. Barnabas Hosp.*, 341 F. Supp.

3d 306, 318 (S.D.N.Y. 2018); (2) misconduct by counsel so tainted the verdict as to warrant a new trial, *Crockett v. City of New York*, 720 F. App'x 85, 86–87 (2d Cir. 2018) (summary order); *Tesser v. Bd. of Educ.*, 370 F.3d 314, 321 (2d Cir. 2004); or (3) there were substantial errors in the admission or exclusion of evidence, *see O & G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 166 (2d Cir. 2008); *accord Jackson v. Tellado*, 295 F. Supp. 3d 164, 181 (E.D.N.Y. 2018).

"On new trial motions, the trial judge may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012). The Second Circuit has cautioned, however, that

> trial judges must exercise their ability to weigh credibility with caution and great restraint, as a judge should rarely disturb a jury's evaluation of a witness's credibility, and may not freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury.

*Id.* (internal quotation marks and citation omitted).

### 2. Weight of the Evidence

A new trial may be granted if "'the verdict is against the weight of the evidence . . . .'" *Metro-N. Commuter R.R.*, 81 F.3d at 273 (quoting *Montgomery Ward & Co.*, 311 U.S. at 251); *see also Duarte*, 341 F.Supp.3d at 318. "[A] decision is against the weight of the evidence . . . if and only if the verdict is [(1)] seriously erroneous or [(2)] a miscarriage of justice." *Raedle*, 670 F.3d at 417–18 (some alteration in original). "A court considering a Rule 59 motion for a new trial . . . should only grant such a motion when the jury's verdict is 'egregious.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998); *accord LifeTree Trading Pte., Ltd.*, 2018 WL 2192186, at *2.

The jury's verdict was not seriously erroneous, a miscarriage of justice or egregious. At trial, conflicting evidence was presented on the issue of whether Defendant was Plaintiffs' employer. The jury was free to weigh the conflicting evidence as it saw fit. *See, e.g.*, *ING Glob.*, 757 F.3d at 99 (a jury is free to reject conflicting evidence); *Crockett v. City of New York*, No. 11 Civ. 4378, 2017 WL 1437333, at *16 (E.D.N.Y. Apr. 21, 2017), *aff'd,* 720 F. App'x 85 (2d Cir. 2018) ("The court finds that the evidence was sufficient for the jury to decide to choose one side's version of events over the other, or reject both versions and decide that the evidence showed a different version of events or was insufficient . . . . For these reasons, the Court finds that the jury's verdict was not against the weight of the evidence."); 11 Charles Alan Wright et al., Federal Practice and Procedure § 2806 (3d ed. 2012) ("The mere fact that the evidence is in conflict is not enough to set aside the verdict, however. Indeed the more sharply the evidence conflicts, the more reluctant the judge should be to substitute his judgment for that of the jury.").

For example, Plaintiffs maintain that Defendant was not credible because, although he stated that he had never hired or fired anyone, Defendant also testified that he hired Mr. Tang and Sherry Song, the bookkeeper.[2] Plaintiffs further contend that Yuelong Liu was not credible because he testified that Defendant did not ask Yuelong Liu to appear at trial, even though defense counsel met with Yuelong Liu before trial. The verdict suggests that the jury found Defendant -- and the other defense witnesses -- sufficiently credible, and the Court's independent assessment of the evidence does not lead to the conclusion that the jury's verdict was seriously

---

[2] Defendant testified that when he took over the restaurant in 2001, he retained the employees who were already there including Mr. Tang and Ms. Song. Defendant then testified that he did not hire anyone at the restaurant and that the power to hire was with Mr. Tang and the master chef. When Defendant later testified that he made the decision to keep Mr. Tang and Ms. Song on as employees, this was not inconsistent with his prior testimony, even if it was worded differently. And even if it were inconsistent, the jury could decide what they believed.

7

erroneous or a miscarriage of justice. *See ING Glob.*, 757 F.3d at 99 (finding no basis to second-guess the jury's assessment of credibility, even when there was evidence against such a finding); *Crawford v. Franklin Credit Mgmt. Corp.*, No. 08 Civ. 6293, 2015 WL 1378882, at *8 (S.D.N.Y. Mar. 26, 2015), *aff'd sub nom. Crawford v. Tribeca Lending Corp.*, 815 F.3d 121 (2d Cir. 2016) ("Having independently assessed the evidence, the Court holds that the jury's verdict is not 'seriously erroneous,' and therefore, the Court defers to the jury's credibility assessment.").

### 3. Misconduct by Counsel

A motion for a new trial may be granted due to the misconduct of counsel. *See Tesser*, 370 F.3d at 321; *accord Crockett*, 720 F. App'x at 86–87 (summary order). "Not every improper or poorly supported remark made in summation irreparably taints the proceedings; only if counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury, should a new trial be granted." *Matthews v. CTI Container Transp. Int'l, Inc.*, 871 F.2d 270, 278 (2d Cir. 1989); *accord Manlapig v. Jupiter*, No. 14 Civ. 235, 2016 WL 4617305, at *4 (S.D.N.Y. Sept. 6, 2016); *see also Marcic v. Reinauer Transp. Companies*, 397 F.3d 120, 124 (2d Cir. 2005) ("[R]arely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal.") (internal quotation marks omitted). "[W]hen the complaining party fails to object at trial to statements made during summation, the court will grant a new trial only when the error is so serious and flagrant that it goes to the very integrity of the trial." *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 955 F. Supp. 2d 118, 156 (E.D.N.Y. 2013) (internal quotation marks omitted); *accord Benson v. Family Dollar Operations, Inc.*, No. 17-2242, 2018 WL 5919905, at *3 (2d Cir. Nov. 13, 2018) (summary order).

A new trial is not warranted based on defense counsel's statements in summation. Plaintiffs contend defense counsel's statement that Defendant authorized an employee payment only one time was improper because evidence of Defendant approving the compensation of employees under aliases was excluded. This argument is mistaken. Defense counsel was entitled to argue based on the evidence in the record, and both sides were forbidden to refer to the excluded evidence. Even if defense counsel's statement was incorrect,[3] the effect was de minimis where, as here, the jury's verdict was supported by substantial evidence that Defendant was not involved in the day-to-day operations of the business, and the jury was instructed before summations that the statements of the attorneys are not evidence. *See Marcic*, 397 F.3d at 124 ("[W]here the jury's verdict finds substantial support in the evidence, counsel's improper statements will frequently be *de minimis* in the context of the entire trial."); *see also* July 26, 2018, Transcript 12:23; 21:11-14 ("Arguments made by the attorneys are not evidence.") ("So with these instructions in mind, you will now hear from the lawyers who will give their closing argument. I remind you that arguments by lawyers are not evidence because the lawyers are not witnesses."). Plaintiffs' position that the remarks were highly prejudicial is "seriously undercut" by Plaintiffs' failure to contemporaneously object to them. *See Bellamy v. City of New York*, No. 12 Civ. 1025, 2017 WL 2189528, at *41 (E.D.N.Y. May 17, 2017) (internal quotation marks omitted) (quoting *Guzman v. Jay*, 303 F.R.D. 186, 195 (S.D.N.Y. 2014)). For these reasons, defense counsel's statements do not rise to the level of seriousness that would warrant a new trial.

---

[3] Evidence was introduced that Defendant signed blank paychecks -- which both sides commented on in summation.

Plaintiffs' arguments regarding the conduct of one of Defendant's lawyers -- regarding pre-trial discovery of "tip sheets", the trial interpreter's billing rate, who should pay for a deposition transcript, and another matter unrelated to this case -- are not considered because Plaintiffs have not shown how these arguments are relevant to this motion and raise these arguments for the first time in their reply brief.[4] *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); *Weyant v. Phia Grp. LLP*, No. 17 Civ. 8230, 2018 WL 4387557, at *8 (S.D.N.Y. Sept. 13, 2018) (same).

### 4. Evidentiary Rulings

A motion for a new trial may be granted if there are substantial errors in the admission or exclusion of evidence. *See O & G Indus., Inc.*, 537 F.3d at 166; *Jackson*, 295 F. Supp. 3d at 181. Such error must be "so clearly prejudicial to the outcome of the trial that [the Court is] convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Nimely v. City of New York*, 414 F.3d 381, 399 (2d Cir. 2005); *accord Newton v. City of New York*, 171 F. Supp. 3d 156, 170 (S.D.N.Y. 2016). An evidentiary error is not grounds for a new trial unless the error affected a party's "substantial rights," Fed. R. Civ. P. 61, "as when a jury's judgment would be swayed in a material fashion by the error," *Restivo v. Hessemann*, 846 F.3d 547, 573 (2d Cir. 2017).

#### a. Exclusion of Payment to Employees Under Aliases

The exclusion of payments to employees under aliases was not an error. During Trial 1, evidence of employees collecting checks under different names was introduced primarily to

---

[4] These arguments are rejected for the additional reason that Plaintiffs' reply brief was untimely filed. Pursuant to the Order dated August 20, 2018, Plaintiffs' reply brief was due on October 8, 2018, but was not filed until on October 15, 2018.

10

establish the number of hours Plaintiffs worked. The jury posed multiple questions related to tax evasion. The Court issued a clarifying instruction:

> The question [posed by the jury] asks about the legality under the tax laws about having checks issued in the names of other people. The relevance of that is possibly twofold. **It is not for you to decide whether there was any violation of any of the tax laws. You need to figure out how many hours [Plaintiff] worked. The fact that the records may be in the names of other people but that they reflect hours he worked, may or may not reflect hours he worked, all that goes to the issue of how much he worked. That is the primary relevance.** There is also a secondary relevance, which isn't limited to this witness, and that is the issue of honesty and credibility. That obviously bears on everybody who participated in that arrangement.

Jan. 30, 2018, Transcript 138:23-139:10 (emphasis added). In Trial 2, such evidence was excluded under Rule 403 because its limited probative value (the issue of Plaintiffs' hours was not in question in Trial 2) was substantially outweighed by the potential for prejudice and confusion -- as evidenced by the questions posed by the Trial 1 jury. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *MacCluskey v. Univ. of Connecticut Health Ctr.*, No. 3:13 Civ. 1408, 2017 WL 684440, at *15 (D. Conn. Feb. 21, 2017), *aff'd,* 707 F. App'x 44 (2d Cir. 2017) ("[The Court] acted well within [its] discretion in determining that any slight probative value was substantially outweighed by a danger of unfair prejudice and confusion."). To the extent that the evidence spoke to credibility, Rule 608(b) bars extrinsic evidence to prove specific instances of a witness's conduct in order to attack credibility. *See* Fed. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."). For these reasons, there was no error in the exclusion of such payments.

### b. Exclusion of Stephanie Liu as a Chinese language expert

The exclusion of Stephanie Liu's purported expert testimony was not an error. In response to Defendant's motion in limine to preclude her testimony, Plaintiffs stated that they sought to call her only to impeach Mr. Tang and Ms. Song's possible testimony "regarding the interpretations of certain Chinese characters and sentences." At the final pretrial conference, Plaintiffs proffered that Mr. Tang had testified falsely in the first trial when he said that two Chinese characters appearing on a work schedule represented the same surname. The Court excluded evidence of the alleged falsehood from Trial 2 under Rule 403, because Defendant disputed that Mr. Tang had made a misstatement and, even if he had, the meaning of the two characters was not material or important to the single issue in Trial 2, and the evidence would be confusing to the jury. *See* Fed. R. Evid. 403. Stephanie Liu's testimony was also excludable under Rule 608(b), which bars extrinsic evidence to prove specific instances of a witness's conduct in order to attack credibility. *See* Fed. R. Evid. 608(b).

Plaintiffs argue that excluding Stephanie Liu's testimony was clearly erroneous because, as an impeachment witness, she should not have been excluded under Rule 26(a)(2)(D) for untimely disclosure, and Plaintiffs were deprived of a reasonable opportunity to impeach Mr. Tang's credibility. These contentions are at odds with the record. First, Stephanie Liu's testimony was not excluded because of untimely disclosure. Second, Plaintiffs were not limited in impeaching Mr. Tang on the matters at issue in Trial 2. July 18, 2018, Transcript 15:2-4 ("You can, of course, examine Mr. Tang about statements that are inconsistent with the testimony he gives about the subject that is being tried."). In addition, Rule 608(b) specifically bars Stephanie Liu's testimony for the purpose it was offered. For these reasons, there was no error in the exclusion of Stephanie Liu's testimony.

### c. Testimony from Yuelong Liu

Permitting Yuelong Liu's testimony was not an error. Yuelong Liu was the senior delivery person at the restaurant. Although Defendant did not disclose Yuelong Liu as a witness under Rule 26(a) as part of their initial disclosure, Rule 37 provides trial courts with latitude to fashion the appropriate remedy if a party fails to identify a witness as required by Rule 26(a). Fed. R. Civ. P. 37(c)(1). Here, Plaintiffs had been provided restaurant work schedules in discovery and as intended defense trial exhibits, listing Yuelong Liu as a restaurant employee. Also, discovery was reopened for the limited purpose of permitting Plaintiffs to depose Yuelong Liu on the eve of trial. There was no error in admitting Yuelong Liu's testimony, nor did Plaintiffs suffer prejudice.

Plaintiffs contend that they were prejudiced because Defendant did not produce Yuelong Liu's employment file. But there is no evidence that Plaintiffs requested the file until long after the close of discovery, when at the final pretrial conference Plaintiffs' counsel said he needed "certain documents" and "some background documents" about Yuelong Liu in order to take his deposition.

Plaintiffs are also mistaken in their criticism of defense counsel for failing to invite Plaintiffs' counsel to Yuelong Liu's pretrial meetings with defense counsel. There is no evidentiary or other violation in this conduct. Counsel may meet with non-party witnesses. *See Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 WL 12776440, at *11 (S.D.N.Y. June 17, 2014) (noting "'[t]he ability of a party to meet with a non-party witness, to show him documents and ask him questions'") (quoting *S.E.C. v. Gupta*, 281 F.R.D. 169, 172 (S.D.N.Y. 2012)). Plaintiffs could have invited Yuelong Liu to meet with them but apparently did not; and Plaintiffs could have asked Yuelong Liu at trial about his meetings with defense

counsel in an effort to impeach him, but did not. For all of these reasons, there was no error in permitting Yuelong Liu's trial testimony.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for judgment as a matter of law, or for a new trial is DENIED.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 246 and 262.

Dated: February 14, 2019
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**