UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEIDE ZHANG, et al., | |
| Plaintiffs, | |
| - v - | CIVIL ACTION NO.: 16 Civ. 4013 (LGS) (SLC) |
| LIANG ZHANG, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE LORNA G. SCHOFIELD**, United States District Judge:

## I. INTRODUCTION

Plaintiffs Meide Zhang ("M. Zhang") and Zhongliang Qiu ("Qiu") (M. Zhang and Qiu together, "Plaintiffs"), brought this action asserting claims under the Fair Labor Standards Act, 29 U.S.C.A. § 201, et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law. § 650, et seq. ("NYLL") against Defendants Liang Zhang ("L. Zhang"), Ru Qiu Li ("Li"), and Sunshine USA Inc. d/b/a Wu Liang Ye ("Sunshine", together with L. Zhang and Li, "Defendants").   (ECF No. 1). Following two jury trials, Li and L. Zhang were held not to be Plaintiffs' employer within the meaning of the FLSA, (ECF No. 273 at 1), and thereafter, the Honorable Lorna G. Schofield entered an Amended Judgment against Sunshine in favor of M. Zhang in the amount of $151,266.52 and in favor of Qiu in the amount of $120,044.53 (the "Amended Judgment").  (ECF No. 321).

Following the first trial, Judge Schofield granted Defendants' motion for sanctions against Plaintiffs' counsel, David Yan ("Yan").  (ECF No. 150 at 12) (the "First Trial Order").  Following the second trial, Judge Schofield denied the parties' motions for attorneys' fees (ECF Nos. 226, 239, 252) without prejudice to renewal after resolution of Plaintiffs' appeal to the United States Court

of Appeals for the Second Circuit.  (ECF No. 300).  The Second Circuit affirmed Judge Schofield's First Trial Order except with respect to sanctions, and remanded the case for further proceedings. (ECF No. 301).  After the parties filed renewed motions for attorneys' fees (ECF Nos. 303 ("Defendants' Second Fees Motion"), 304 ("Plaintiffs' Second Fees Motion")) (together, the "Motions")), Judge Schofield reinstated the portion of the First Trial Order awarding sanctions against Yan, and referred the Motions to the undersigned.  (ECF Nos. 307–08).

For the reasons set forth below, the Court respectfully recommends that Plaintiffs' Second Fees Motion be GRANTED IN PART and DENIED IN PART, and Defendants' Second Fees Motion be GRANTED IN PART and DENIED IN PART.

## II.<u>BACKGROUND</u>

### A.  <u>Factual Background</u>

The Court incorporates by reference the factual background of this wage-and-hour case set forth in Judge Schofield's First Trial Order (ECF No. 150 at 1–3), and her February 14, 2019 Opinion and Order denying Plaintiffs' motion for judgment as a matter of law, or, in the alternative, for a new trial.  (ECF No. 273 at 1–3 (the "Second Trial Order")).

### B.  <u>Procedural Background</u>

A full summary of the procedural history is set forth in the First Trial Order and the Second Trial Order, and the Court summarizes only the procedural history relevant to the Motions.

On May 29, 2016, Plaintiffs commenced this action asserting FLSA and NYLL claims against Defendants seeking to recover unpaid minimum wages, unpaid overtime wages, entitlement to the "spread-of-hours" premium under NYLL, and reimbursement of expenses for their delivery tools.  (ECF No. 1 ¶¶ 1–2).  On February 1, 2018, at the conclusion of the first trial (the "First

Trial"), a jury rendered a verdict in favor of Plaintiffs on their FLSA and NYLL claims against Defendants L. Zhang and Sunshine, finding that L. Zhang was Plaintiffs' employer, but that Li was not. (ECF No. 273 at 1; see ECF No. 129). After the jury was discharged, it was discovered that Yan had given the Courtroom Deputy a binder of unadmitted deposition excerpts, which the jury had reviewed and annotated during their deliberations on the question whether L. Zhang was Plaintiffs' employer. (ECF No. 273 at 12).

Subsequently, Judge Schofield ordered a new trial "on the sole issue of whether [L. Zhang] was Plaintiff's employer under FLSA and NYLL." (ECF No. 273 at 2; see ECF No. 150 at 5). Pursuant to the Court's inherent power, Judge Schofield also granted Defendants' motion for sanctions in the amount of costs and fees they incurred in connection with litigation after the First Trial and any new trial, finding that Yan's "conduct unreasonably and unnecessarily multiplied the proceedings, necessitating a post-trial hearing, motion practice and, in the end, a new trial." (ECF No. 150 at 10). Judge Schofield noted that "it is not sufficiently clear that [] Yan acted willfully and with the intention of defying the Court's order. It appears more likely that he acted recklessly and irresponsibly." (Id.) While she was "unable to conclude that [] Yan acted deliberately for the purpose of influencing the verdict[,]" Judge Schofield did find that "Yan's conduct was not undertaken for his client's benefit, but rather was a 'reckless failure to perform his . . . responsibility as an officer of the court' that unreasonably [] disrupted and delayed the proceedings and caused the Court to order a new trial." (Id. at 11). Accordingly, Judge Schofield ordered that "Yan shall pay Defendants' reasonable attorneys' fees and costs incurred in connection with these motions and a new trial." (Id. at 12).

On July 25, 2018, a jury trial commenced on the question of whether L. Zhang was Plaintiffs' employer under FLSA and NYLL (the "Second Trial").  (ECF No. 273 at 2).  On July 26, 2018, the jury returned a verdict for L. Zhang, finding that Plaintiffs had failed to prove that he was their employer.  (Id.)

Following the Second Trial, Plaintiffs moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), both of which Judge Schofield denied in the Second Trial Order.  (ECF No. 273 at 2-14).  Judge Schofield subsequently entered judgment against Sunshine only in favor of M. Zhang in the amount of $132,976.66 and in favor of Qiu in the amount of $105,827.11 (the "First Judgment").  (ECF No. 238).

Also following the Second Trial, Plaintiffs filed a motion for attorneys' fees (ECF No. 226 ("Plaintiffs' First Fee Motion"), and Defendants L. Zhang and Sunshine each filed a motion for attorneys' fees.  (ECF Nos. 239, 252 (together "Defendants' First Fee Motions")).  Judge Schofield referred Plaintiffs' First Fee Motion and Defendants' First Fee Motions to the Honorable Henry B. Pitman, the Magistrate Judge to whom this matter was then assigned.  (ECF No. 285).  Plaintiffs also appealed the First Judgment, the First Trial Order, and the Second Trial Order to the Second Circuit, which heard argument on March 11, 2020.  (ECF No. 300).  While the appeal was pending, Judge Schofield denied Plaintiffs' First Fee Motion and Defendants' First Fee Motions, without prejudice to renewal after the Second Circuit ruled.  (Id.)

On June 3, 2020, the Second Circuit issued a summary order affirming Judge Schofield's rulings "except to the extent [she] ordered sanctions," dismissed "the appeal to the extent it

[sought] review of the sanctions order," and remanded for further proceedings.  (ECF No. 301 at

12 (the "Second Circuit Order")).

On June 5, 2020, in light of the Second Circuit Order, Judge Schofield directed the parties

to file any renewed motions for attorneys' fees by June 17, 2020.  (ECF No. 302).  Defendants

filed their Second Fee Motion, which largely incorporated Defendants' First Fee Motion, and

sought fees and costs for the First Trial and the Second Trial in the amount of $104,273.74.  (ECF

No. 303).  Plaintiffs filed their Second Fee Motion seeking "reasonable" attorneys' fees and costs

pursuant to FLSA § 216(b) and NYLL §§ 198(1-A) and 663.  (ECF No. 304–05).  Plaintiffs also filed

a voluminous opposition to Defendants' Second Fee Motion.  (ECF Nos. 310–12 ("Plaintiffs'

Opposition")).[1]  On June 19, 2020, Judge Schofield "reinstated" the portion of the First Trial Order

granting sanctions against Yan and referred the Motions to the undersigned.  (ECF No. 307–08).

On August 20, 2020, Judge Schofield entered the Amended Judgment against Sunshine in

favor of M. Zhang in the amount of $151,266.52 and in favor of Qiu in the amount of $120,044.53,

and ordered that post-judgment interest be awarded to Plaintiffs and against Sunshine based on

the rate set forth in 28 U.S.C. § 1961.  (ECF No. 321).

### III. DISCUSSION

#### A. Legal Standards

Courts typically apply the "lodestar" method in calculating reasonable attorneys' fees,

which involves multiplying the number of hours reasonably spent by counsel by a reasonable

hourly rate.  See Perdue v. Kenny A., 559 U.S. 542, 55152 (2010); Millea v. Metro-North R.R. Co.,

658 F.3d 154, 166 (2d Cir. 2011)); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of

---

[1] With Defendants' consent, the Court deemed Plaintiffs' Opposition to have been timely filed.  (ECF No. 319).

Albany, 522 F.3d 182, 183 (2d Cir. 2008); Martinez v. City of N.Y., 330 F.R.D. 60, 66 (E.D.N.Y. 2019).

Despite the "strong presumption that this amount represents a reasonable hourly fee," the Court

may adjust the lodestar amount based on certain factors.  Cowan v. Ernest Codelia, P.C., No. 98

Civ. 5548 (JGK) (JCF), 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir.

2002).  District courts within the Second Circuit employ the lodestar procedure to determine fees

to be awarded as sanctions.  See Martinez, 330 F.R.D. at 66; Local Union No. 40 of the Int'l Ass'n

of Bridge v. Car-Win Constr., 88 F. Supp. 3d 250, 281 (S.D.N.Y. 2015).

The factors courts consider in determining the reasonableness of a fee award include:

"'(1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time

reasonably expended on those services; (4) the quality of the performance by counsel; (5) the

qualifications of counsel; (6) the amount at issue; and (7) the results obtained.'"  Medina v.

Donaldson, No. 10 Civ. 5922 (VMS), 2015 WL 77430, at *2 (E.D.N.Y. Jan. 6. 2015) (quoting Aurora

Commercial Corp. v. Approved Funding Corp., No. 13 Civ. 230 (RPP), 2014 WL 3866090, at *3

(S.D.N.Y. Aug. 6, 2014)).  "[T]he most critical factor in a district court's determination of what

constitutes reasonable attorney[]s' fees in a given case is the degree of success obtained' by the"

party requesting fees.  Rothman v. City of N.Y., No. 19 Civ. 225 (CM), 2020 WL 7022502, at *2

(S.D.N.Y. Nov. 30, 2020) (quoting Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152

(2d Cir. 2008) (internal citation omitted)).  "The calculation of a reasonable fee is within the

district court's discretion."  Medina, 2015 WL 77430, at *2 (internal citation omitted).

**1.   Documentation**

The party applying for fees "bears the burden of . . . documenting the appropriate hours

expended" and counsel's hourly rates.  Struthers v. City of N.Y., No. 12 Civ. 242 (JG), 2013 WL

5407221, at *8 (E.D.N.Y. Sept. 25, 2013) (internal citations omitted).  This requires the submission

of attorney declarations accompanied by "contemporaneous time records . . . specify[ing], for

each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n

for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see Martinez, 330 F.R.D.

at 66 (noting that attorney submitted sworn declarations with "invoices listing the time spent on

the case, the attorney performing the services, the rate charged, and a description of the work

performed").

### 2. **Hourly rate**

Within the Second Circuit, "[t]he reasonable hourly rate is the rate a paying client would

be willing to pay." Arbor Hill, 522 F.3d at 190.  In making this determination, courts consider

twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level
> of skill required to perform the legal service properly; (4) the preclusion of employment
> by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate;
> (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client
> or the circumstances; (8) the amount involved in the case and the results obtained; (9)
> the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the
> case; (11) the nature and length of the professional relationship with the client; and, (12)
> awards in similar cases.

Id. at 186 n.3; see Perez Garcia v. Hirakegoma Inc., No. 17 Civ. 7608 (SLC), 2020 WL 1130765, at

*12 (S.D.N.Y. Mar. 9, 2020) (listing same twelve factors).  "This calculus is locality-sensitive; in

order to determine a reasonable hourly rate, the court must look to 'the prevailing market rates

in the relevant community.'" Martinez, 330 F.R.D. at 69 (quoting Blum v. Stenson, 465 U.S. 886,

895 (1984)).  "The relevant community . . . is the district in which the court sits." Farbotko v.

Clinton Cty., 433 F.3d 204, 208 (2d Cir. 2005)).

"The party seeking fees has the burden to establish the prevailing market rate." Martinez, 330 F.R.D. at 69.  "Counsel must demonstrate 'by satisfactory evidence—in addition to the attorney's own affidavits' that the hourly rate being requested is the prevailing market rate in that locale." Id. (quoting Farbotko, 433 F.3d at 209).  The district court has "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Encalada v. Baybridge Enter. Ltd. 612 F. App'x 54 (2d Cir. 2015).

"In this district, courts generally award experienced wage-and-hour attorneys between $300 and $400 per hour."  Perez Garcia, 2020 WL 1130765, at *12 (collecting cases); see Chiangxing Li v. Kai Xiang Dong, No. 15 Civ. 7554 (GBD) (AJP), 2017 WL 892611, at *19 (S.D.N.Y. Mar. 7, 2017) ("'Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450.'") (quoting Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012)); Yuquilema v. Manhattan's Hero Corp., No. 13 Civ. 461 (WHP) (JLC), 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) (explaining that $250 to $450 is typical range for experienced wage-and-hour litigators); Siegel v. Bloomberg LP, No. 13 Civ. 1351 (DF), 2016 WL 1211849, at *6 (S.D.N.Y. Mar. 22, 2016) (same); see also Long v. HSBC USA Inc., 14 Civ. 6233 (HBP), 2016 WL 4764939, at *10 (S.D.N.Y. Sept. 13, 2016) (noting that "FLSA litigators are rarely awarded over $450 per hour").

### 3.  Hours billed

"To determine the reasonable number of hours required by a case, the critical inquiry is 'whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Perez Garcia, 2020 WL 1130765, at *12 (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)).  The Court "must perform 'a conscientious and detailed inquiry

into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" Id. (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). "In determining whether the amount of hours billed is reasonable," the court may deduct "hours that it views as 'excessive, redundant, or otherwise unnecessary.'" Chiangxing Li, 2017 WL 892611, at *19 (quoting Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (internal citation omitted)).

Courts are alert for several categories of potentially unreasonable hours billed. First, "[p]laintiffs cannot recover for time spent by attorneys completing administrative tasks." Chiangxing Li, 2017 WL 892611, at *20 (collecting cases). Second, a court "may reduce the fees requested for billing entries that are vague and do not sufficiently demonstrate what counsel did." Id. (collecting cases in which courts reduced fees for overly vague or duplicative entries). Third, courts may reduce fees "where the hours billed are disproportionate to the quantity or quality of the attorneys' work." Id. at *21 (collecting cases in which courts reduced fees where attorneys' work was mediocre or did not reflect complicated analysis); see Harris v. Fairweather, No. 11 Civ. 2152 (PKC) (AJP), 2012 WL 3956801, at *8 (S.D.N.Y. Sept. 10, 2012) (reducing fee award by 20% due to "poor quality of counsel's work" and collecting similar cases).

### 4. Costs

An award of attorneys' fees may "'include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" Guo v. Tommy's Sushi, Inc., No. 14 Civ. 3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016) (quoting Rhodes v. Davis, No. 08 Civ. 9681 (GBD), 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015)). The requesting party must substantiate the cost request with documentation. See Guo, 2016 WL 452319, at *3; CJ Prods.

LLC v. Your Store Online LLC, No. 11 Civ. 9513 (GBD), 2012 WL 4714820, at *2 (S.D.N.Y. Oct. 3, 2012) (denying reimbursement for undocumented costs).  "Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts."  Guo, 2016 WL 452319, at *3 (citing Abel v. Town Sports Int'l LLC, No. 09 Civ. 10388 (DF), 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 16, 2012).  A court may also accept as sufficient "[a] sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items."  Guo, 2016 WL 452319, at *3.  Absent supporting documentation, courts decline to award costs.  See Sevilla v. Nekasa Inc., No. 16 Civ. 2368 (AJP), 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) (collecting cases).

### B. Defendants' Second Fee Motion

Because Judge Schofield "reinstated" the portion of the First Trial Order in which she granted sanctions against Yan (ECF No. 307), the question before the Court in this Report and Recommendation is the amount of sanctions to be awarded.  (See ECF No. 301 at 4 (noting that the "amount of fees to be awarded" had not been set)).  As set forth below, the Court respectfully recommends that Defendants be awarded $67,262.50 in attorneys' fees and $1,104.74 in costs.

#### 1. Analysis

##### a. Documentation

In support of their request for fees and costs, Defendants have submitted attorney affidavits accompanied by contemporaneous billing invoices that list the time spent each day, identify the attorney performing the services, describe the services performed, and indicate the rate charged.  (ECF Nos. 152, 152-1, 152-2, 152-3, 240, 240-1, 240-2, 240-3, 240-4, 240-5, 240-6).  Defendants' submission also includes a helpful summary chart that breaks down hours for each

of the three attorneys by time period.  (ECF No. 240-6).  The Court finds that Defendants have

satisfied their initial burden to submit sufficient documentation of the hours expended and the

rates charge for purposes of the fee analysis.  See N.Y. State Ass'n, 711 F.2d at 1148; Martinez,

330 F.R.D. at 66.

### b.  Hourly rate

Defendants' counsel consisted of three lawyers from The Law Firm of Hugh H. Mo, P.C.

(the "HHM Firm"): Hugh H. Mo ("Hugh Mo"), Pedro Medina ("Medina"), and Elizabeth L. Mo

("Elizabeth Mo").  (ECF No. 240 ¶¶ 22–29).  Defendants request hourly rates of $800 for Hugh

Mo, $500 for Medina, and $375 for Elizabeth Mo.  (Id. ¶¶ 25, 27, 29).  Plaintiffs object to these

requested hourly rates as unreasonably high for this district and for their relative inexperience in

wage-and-hour litigation, arguing that the rates should be reduced to $250 for Hugh Mo, $200

for Medina, and $150 for Elizabeth Mo.  (ECF No. 312 at 27–28).  The Court will evaluate each

rate separately.[2]

### i.  Hugh Mo

Hugh Mo, a graduate of Boston University School of Law in 1977, has been practicing for

over 42 years.  (ECF No. 240 ¶ 22).  His experience includes eight years as an Assistant District

Attorney in the Manhattan District Attorney's Office, four years as Deputy Commissioner-Trials

in the New York City Police Department, six years as Partner-in-Charge of the China Practice

Group at a New York City law firm, and 24 years at the HHM firm, which he founded, representing

---

[2] Plaintiffs also object that Defendants have not submitted their retainer agreement and billing records showing that they sent invoices to Defendants and Defendants then paid those invoices.  (ECF No. 312 at 25–26).  To the contrary, Defendants' counsel have submitted copies of their invoices to Defendants, and Plaintiffs cite no authority for their assertion that proof of payment is required for an award of attorneys' fees.  In addition, because the Court recommends reduced hourly rates for each of the three attorneys that are consistent with rates in this District, as detailed below, Defendants' retainer agreement is not necessary for the Court's analysis.

clients in white collar criminal defense, complex commercial litigation, administrative proceedings, and arbitrations. (Id. ¶¶ 22–23). His billing rate for the last five years has been $1000 per hour, but his discounted his rate to $800 "as a courtesy" to his client in this case. (Id. ¶ 25).

While the Court respects Hugh Mo's substantial litigation experience, the Court finds that his requested rate of $800 is not reasonable in this action. As set forth above, the upper end of the range of reasonable rates for experienced employment litigators in this District is $450 per hour. (See supra § 3(A)(2)). Despite the prolonged duration of this litigation, the issues were not novel or complex for a wage-and-hour case, and both the First Trial and the Second Trial were brief, lasting less than five and two days, respectively. See Perez Garcia, 2020 WL 1130765, at *12 (awarding hourly rate of $400 to experienced name-partner of small wage-and-hour firm in action that did not involve "any novel or complex legal or factual questions"); Lopez v. Emerald Staffing, Inc., No. 18 Civ. 2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (awarding hourly rate of $350 to experienced wage-and-hour litigator in action that did not involve "any novel or complex legal or factual questions"); Sevilla, 2017 WL 1185572, at *5 (awarding hourly rate of $425 to experienced wage-and-hour name-partner of small firm, noting that litigation was not "a complex case"); Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 475–76 (S.D.N.Y. 2009) (awarding $400 per hour to "well respected" attorney with over 25 years of experience where "the wage and hour issues in this case were not particularly complex or unusual"). In addition, given that Hugh Mo is at a small firm, which "does not incur the same overhead costs that burden a large law firm," Saunders v. The Salvation Army, No. 06 Civ. 2980 (SAS), 2007 WL 927529, at *3 (S.D.N.Y. Mar. 27, 2007), a lower hourly rate is appropriate. See

Reiter v. Metro. Transp. Auth. of State of N.Y., No. 01 Civ. 2762 (GWG), 2007 WL 2775144, at *7 (S.D.N.Y. Sept. 25, 2007) (noting rates of $250 to $425 per hour "for work done by partners in small firms in this district").  Accordingly, the Court finds that an hourly rate of $450 is reasonable for Hugh Mo.

### ii.    Medina

Medina, a graduate of New York University School of Law, has been a litigator for approximately 30 years.  (ECF No. 240 ¶ 26).  His experience includes private practice at law firms in New York City, service as an Assistant Corporation Counsel in the New York City Law Department, and an Assistant New York State Attorney General.  (Id.)  His litigation experience includes wage-and-hour litigation under the FLSA and the NYLL.  (Id.)  Medina was a senior associate at the HHM Firm until 2018.  (Id.)  His billing rate while working on this matter was $500 per hour.  (Id. ¶ 27).

Meaning no discredit to Medina' substantial litigation experience, the Court also finds that his requested rate of $500 is not reasonable.  Medina was a senior associate at a small law firm, not a partner, and therefore his rate should be lower than that of Hugh Mo.  "Associates with at least eight years of experience . . . generally command rates of between $285 and $350 per hour."  Siegel, 2016 WL 1211849, at *6; Perez Garcia, 2020 WL 1130765, at *12 (awarding hourly rate of $350 to experienced associate at small wage-and-hour firm).  Given that Medina has been in practice considerably longer, and his experience does include wage-and-hour litigation, the Court finds that an hourly rate at the upper end of this range, $350, is reasonable.

### iii.   __Elizabeth Mo__

Elizabeth Mo, a graduate of Boston University School of Law, has been admitted to practice in New York and New Jersey since 2012.  (ECF No. 240 at ¶ 28).  Her litigation experience includes service as an Assistant District Attorney in the New York County District Attorney's Office and as legal counsel to "Taste and See Hospitality Group," where she oversaw labor and employment matters.  (Id.)  Elizabeth Mo's normal billable rate of $400 was reduced to $375 for this matter "as a courtesy."  (Id. at 29).

The Court finds that the requested rate of $375 for Elizabeth Mo is not reasonable.  "[A]ssociates with at least four years of experience . . . are typically awarded fees of about $200 to $275 per hour."  Siegel, 2016 WL 1211849, at *6 (awarding associates with ten and six years of experience hourly rates of $295 and $275, respectively); see Kim v. Kum Gang, Inc., No. 12 Civ. 6344 (MHD), 2015 WL 3536593, at *2 (S.D.N.Y. June 5, 2015) (finding that hourly rate of $275 for attorney with four to six years of experience was "entirely reasonable").  Taking into account Elizabeth Mo's experience and HHM Firm's small size, the Court finds that an hourly rate of $275 is reasonable.

### c.   __Hours billed__

Plaintiffs argue that hours billed by Hugh Mo should be deducted altogether because he performed tasks in this "simpl[e]" case that could have been performed by a junior attorney. (ECF No. 312 at 26–27).  Plaintiffs also argue that the billing records reflect internal conferences and other "redundant and excessive" work for which fees should be denied.  (Id. at 26).  As set forth below, the Court finds that some reductions are appropriate, although not to the extent that Plaintiffs seek.

### i. <u>February 5, 2018 – April 26, 2018</u>

The first category of time for which Defendants seek attorneys' fees and costs is with respect to the post-verdict sanctions proceedings between February 5, 2018 and April 26, 2018 (the "Post-First Trial Period"). (ECF No. 240 at 3). During the Post-First Trial Period, Defendants' counsel briefed and argued a motion for a new trial and for sanctions, responded to various letters Plaintiffs filed with the Court, and prepared for and attended several hearings. (ECF No. 241 at 6–7; <u>see</u> ECF Nos. 126, 132–35, 138). Defendants argue that their counsel had to respond to "frivolous, deceptive, and even [] <u>ad hominem</u> arguments." (ECF No. 241 at 7). As an example, Defendants cite Plaintiffs' letter dated May 6, 2018 requesting final judgment, in which they supported their arguments by citing an article about a different restaurant. (<u>Id.</u>; <u>see</u> ECF No. 156, 156-1). Defendants seek a total of $23,520.00 in attorneys' fees for the Post-First Trial Period, consisting of 3.9 hours for Hugh Mo, and 24.8 hours for Medina. (ECF No. 241 at 4; ECF Nos. 152, 152-1, 152-2, 152-3, 240-1, 240-6 at 1).

The Court finds that the billing records Defendants have submitted generally reflect reasonable tasks that appear to have been performed within a reasonable amount of time, with one exception. The Court's review identifies seven entries reflecting internal conferences between Hugh Mo and Medina. (ECF No. 240-1 at 7, 11). Internal conferences "suggest[] at least some inefficiency" for which a reduction is appropriate. <u>Harrell v. City of N.Y.</u>, No. 14 Civ. 7246 (DCF), 2017 WL 9538163, at *12 (S.D.N.Y. July 20, 2017); <u>see</u> <u>Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona</u>, 188 F. Supp. 3d 333, 342, 344 (S.D.N.Y. 2016) (finding that 30% reduction was warranted for, <u>inter alia</u>, excessive time spent on conferences between attorneys).

Although the exact length of all of these conferences is not clear from the billing records, they appear to total less than three (3) hours.

Rather than make itemized deductions to billing records to bring the hours expended into a reasonable range, '[c]ourts in this District have applied percentage reductions of up to fifty percent.'" Greenburger v. Roundtree, No. 17 Civ. 3295 (SLC), 2020 WL 6561598, at *14 (S.D.N.Y. Jan. 16, 2020) (quoting Williams v. Metro North R.R. Co., No. 17 Civ. 3847 (JGK) (KHP), 2018 WL 3370678, at *12 (S.D.N.Y. June 28, 2018)); compare Alicea v. City of N.Y., 272 F. Supp. 3d 603, 612 (S.D.N.Y. 2017) (applying 50% reduction for excessive and unjustified billing) with Auto. Club of N.Y., Inc. v. Dykstra, No. 04 Civ. 2576 (SHS), 2010 WL 3529235, at *3 (S.D.N.Y. Aug. 24, 2010) (applying 10% reduction to address minor billing issues).  The time expended on the internal conferences is relatively minor in a case for which the timekeepers' overall billing practices were clear, concise, and appropriate, and therefore, the Court finds that a reduction of 10%, at the lower end of this range, is appropriate.  See Greenburger, 2020 WL 6561598, at *14 (applying 10% reduction in hours).

### ii.   May 1, 2018 – August 31, 2018

The second category of time for which Defendants seek attorneys' fees and costs is with respect to the Second Trial and post-trial litigation relating to the Second Trial between May 1, 2018 and August 31, 2018 (the "Second Trial Period"). (ECF No. 240 at 3).  During the Second Trial Period, Defendants' counsel responded to Plaintiffs' letters and motions before and after the Second Trial, defended Yuelong Liu's deposition, prepared and interviewed witnesses, prepared for and attended the Second Trial, and responded to Plaintiffs' post-trial motions.  (ECF No. 241 at 7).  Defendants applied an "across-the-board" 20% discount to the attorneys' fees billed during

the Second Trial Period.  (ECF No. 240 ¶ 16).  Defendants did not bill for Elizabeth Mo's time to familiarize herself with the matter when she joined the legal team in May 2018, and she "principally handled" the Second Trial while Hugh Mo co-chaired.  (Id. ¶¶ 16–17).  Defendants also note that they had "no more than two attorneys assigned to the matter at one time," and have excluded any paralegal time.  (Id. ¶ 19).  Defendants seek a total of $79,541 in attorneys' fees for the Second Trial Period, consisting of 33.4 hours for Hugh Mo, 12.1 hours for Medina, and 177.75 hours for Elizabeth Mo.  (Id. ¶ 13; ECF Nos. 240-2; 240-3; 240-6 at 1).

The Court finds that the billing records Defendants have submitted generally reflect reasonable tasks that appear to have been performed within a reasonable amount of time, with two exceptions.  First, the Court notes that on May 8, 2018, both Hugh Mo and Medina billed for their time attending a status conference before Magistrate Judge Pitman, but Hugh Mo billed 1.5 hours and Medina billed 3.9 hours.  (ECF No. 240-2 at 1).  The Court finds that the time billed for this conference is both duplicative and excessive such that a reduction is warranted.  See Congregation Rabbinical Coll., 188 F. Supp. 3d at 342 (finding that three attorneys billing for the same pre-motion conference was "unnecessarily duplicative" and justified reduction of hours); Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (reducing fee award by 7% to account for, inter alia, "some duplicative billing for conferences" among attorneys); Retained Realty, Inc. v. Spitzer, 643 F. Supp. 2d 228, 241 (D. Conn. 2009) (reducing hours "[w]here multiple attorneys . . . billed time for the same conference beyond what the court considers to be reasonable").

Second, as with the Post-First Trial Period, the billing records reflect many examples of conferences between attorneys totaling at least 15 hours.  (ECF Nos. 240-2; 240-3; 240-4; 240-

5).  For the same reason described above, these entries reflect unnecessary duplication for which a reduction in hours is appropriate.

These two issues that the Court has noted for the Second Trial Period are more extensive than the issues noted for the Post-First Trial Period, and therefore warrant a slightly higher percentage reduction.  The Court is mindful, however, that the HHM Firm has already applied a 20% reduction to the Second Trial Period.  (ECF No. 240 ¶ 16).  Aside from the May 8, 2018 conference and the duplicative entries for internal conferences, the timekeepers' overall billing practices were clear, concise, and appropriate, and therefore, the Court finds that a 15% reduction in hours expended for the Second Trial Period is appropriate.  This is not to suggest that Defendants' counsel engaged in any improper billing practices, but instead having considered all of the information in the record, the Court concludes that "greater efficiencies could have been achieved and would have resulted in lower billable hours."  See Siegel, 2016 WL 1211849, at *13 (imposing 15% "blanket reduction" to hours "to account for any inefficiencies in billing or unreasonably expended hours"); Kahlil, 657 F. Supp. 2d at 477 (imposing 15% across-the-board reduction where court found several "examples of inefficient billing practices").

*     *     *

Applying the Court's recommended reduction to the timekeepers' hourly rates and hours expended results in the following lodestar calculation:

| Attorney | Requested Rate | Recommended Rate | Requested Hours | Reduced Hours[3] | Recommended Total |
|----------|----------------|------------------|-----------------|------------------|-------------------|
| Hugh Mo | $800 | $450 | Trial 1: 3.9<br><br>Trial 2: 33.4 | Trial 1: 3.5<br><br>Trial 2: 28.4 | $1,575<br><br>$12,780.00 |

---

[3] 10% reduction for Post-First Trial Period and 15% reduction for Second Trial Period.

| Medina | $500 | $350 | Trial 1: 24.8 | Trial 1: 22.3 | $7,805.00 |
| | | | Trial 2: 12.1 | Trial 2: 10.3 | $3,605 |
| Elizabeth Mo | $375 | $275 | Trial 2: 177.5 | Trial 2: 150.9 | $41,497.50 |
| **Total:** | | | **251.7** | **215.4** | **$67,262.50** |

Courts in the Second Circuit "maintain[] a strong presumption that the lodestar is reasonable. Kreisler v. Second Ave. Diner Corp., No. 10 Civ. 7592 (RJS), 2013 WL 3965247, at *1 (S.D.N.Y. July 31, 2013). Given that the Court has already applied reductions to the hourly rate as well as to the total number of hours as set forth above, the Court finds that a further adjustment is not necessary. Because there are no extraordinary circumstances here that would warrant an adjustment to the lodestar amount of $67,262.50, the Court respectfully recommends this amount as a reasonable award of attorneys' fees to Defendants.

### d. Costs

Defendants seek reimbursement of costs in the amount of $1,212.74, consisting of: (i) court reporting costs in the amount of $775.44; (ii) PACER fees in the amount of $289.30; (iii) paralegal overtime pay in the amount of $108.00; and (iv) subpoena fees in the amount of $40.00. (ECF Nos. 242; 242-1 at 12). With the exception of (iii), the paralegal overtime, Defendants have substantiated each of these costs with sufficient contemporaneous documentation showing that their counsel paid the amounts for which they seek reimbursement. See Sanchez v. JYP Foods Inc., No. 16 Civ. 4472 (JLC), 2018 WL 4502008, at *17 (S.D.N.Y. Sept. 20, 2018) (noting that adequate substantiation is required for an award of costs). As to the paralegal overtime, the records Defendants have submitted demonstrate neither the purpose for which this overtime was incurred (although by the dates it appears to have been incurred during the

Second Trial) nor proof that this amount was actually paid to the paralegal. (See ECF No. 242-5). Defendants have thus failed to satisfy their burden to show that they should be reimbursed for the paralegal overtime and $108.00 should be excluded from the costs award. See Angulo v. 36th St. Hospitality LLC, No. 19 Civ. 5075 (GBD) (SLC), 2020 WL 4938188, at *19 (S.D.N.Y. July 31, 2020) (recommending against awarding reimbursement of unsubstantiated costs for medical records).

After deducting for the paralegal overtime, the Court recommends that the award to Defendants include costs in the amount of $1,104.74 ($1,212.74 - $108.00).

### C. **Plaintiffs' Second Fee Motion**

Both the FLSA and NYLL permit a successful plaintiff to recover reasonable attorneys' fees and costs. 29 U.S.C. 216(b); NYLL §§ 198, 663; see Perez Garcia, 2020 WL 1130765, at *11, 13. Plaintiffs seek an award of $149,165.50 in attorneys' fees plus $12,959.64 in costs. (ECF Nos. 306-1 at 14; 306-2 at 3; 306-3 at 1).

#### 1. **The parties' arguments**

##### a. **Plaintiffs**

Plaintiffs argue that all of the hours expended "were reasonable under the circumstances" and ask the Court to "include every hour expended in its calculation of the presumptively reasonable fee." (ECF No. 305 at 5). Plaintiffs' note that they have excluded from their request all hours for the Second Trial apart from the deposition of Defendants' witness Yuelong Liu on July 24, 2018. (Id. at 5). They seek to recover for travel time between their office and the courthouse and note that Defendants' counsel was "particular[ly] difficult to work with." (Id. at 6). For example, Plaintiffs point to several joint letters on discovery issues that were difficult to prepare and to motions to compel. (Id.) Finally, Plaintiffs contend that Defendants

have engaged in a "fraudulent transfer of assets" of Sunshine before the Second Trial, such that

they expect additional fees will be incurred to collect the Amended Judgment.  (Id. at 7).

### b.  Defendants

Defendants first argue that Plaintiffs' Second Fee Motion "should be denied in its entirety

based on Yan's:  (a) scheme to inflate" the hourly rate of the Chinese interpreter, Joanne Wang

("Wang"); "(b) lack of supporting documentation; (c) unreasonable hourly rates for himself and

co-counsel; (d) excessive hours: and (e) lack of success on several issues."  (ECF No. 303 at 6; see

ECF No. 259 at 7–9, 12–23).  If the Court decides to award any fees to Plaintiffs, Defendants argue

in the alternative that the amount should be reduced because of Plaintiffs' "failure to prove:  (1)

a violation of the FLSA; and (2) individual liability against defendants L. Zhang and Li."  (ECF No.

303 at 5).  As to the amount of damages Plaintiffs have been awarded, Defendants note that "a

significant  portion"  of  the  damages  awarded  against  Sunshine  were  "a  result  of  technical

violations of strict liability notice and record keeping statutes."  (Id. at 6).

### 2.  Analysis

#### a.  Plaintiffs are "prevailing parties"

In a FLSA action, "a "prevailing party" must be awarded reasonable attorneys' fees and

costs."  29 U.S.C. § 216(b).  The NYLL also requires that "[i]n any action . . . in which the employee

prevails, the court shall allow such employee reasonable attorney's fees . . ."  NYLL § 198(1-a).  A

plaintiff is the prevailing party for purposes of FLSA and NYLL "if they succeed on any significant

issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Hensley

v. Eckerhart, 461 U.S. 424, 433 (1983).

A six-figure judgment has been entered in favor of each of the Plaintiffs and against Sunshine.  (ECF No. 321).  This judgment "suffices to establish" Plaintiffs as the prevailing party under [FLSA] and NYLL.  Kahlil, 657 F. Supp. 2d at 474.

Notwithstanding the Amended Judgment in Plaintiffs' favor, Defendants describe a "troubling fraud committed by [] Yan against the Court, Defendants, and [the First Trial's] Mandarin Chinese interpreter," Wang, as grounds to deny Plaintiffs' Motion in its entirety.  (ECF No. 259 at 12–13).  In Defendants' version of events (set forth in Wang's Declaration (ECF No. 258)), Yan hired Wang to serve as a Mandarin interpreter on January 26, 2018, the eve of the First Trial.  (ECF No. 259 at 12; ECF No. 258 ¶ 4).  Wang states that Yan told her that if Plaintiffs prevailed at trial, her hourly rate would be $100 (her usual rate), but if Defendants prevailed, her hourly rate would be reduced to $60 per hour.  (ECF No. 258 ¶ 4).  When she appeared on the first day of the First Trial on January 29, 2018, Yan told Wang to charge an hourly rate of $150 "because Defendants were paying for one-third of the interpreter costs."  (Id. ¶ 5).  From January 29 through January 31, 2018, Wang billed 24 hours for interpreting during the First Trial at a rate of $150 per hour, for which she billed Yan a total of $3,600 with payment due by February 28, 2018.  (Id. ¶ 6).  After March 26, 2018, Wang received payment from Sunshine in the amount of $1,200, one-third of the invoice amount.  (Id. ¶ 7).  Despite months of follow up requests to Yan, he did not pay her, and on July 31, 2018, Wang filed an action against him in Small Claims Court, Queens County (the "Small Claims Action").  (Id. ¶¶ 8–18).  After Yan failed to appear at a scheduled hearing on September 10, 2018, judgment was entered in the Small Claims Action in Wang's favor against Yan in the amount of $2,442.49.  (Id. ¶¶ 19–21).  At least as of September 2018, Yan had not paid that judgment.  (Id. ¶ 27).  Defendants argue that Yan's conduct with

respect to Wang "goes beyond extreme recklessness and shows [his] intentional course of misconduct" that merits denial of any award of fees.  (ECF No. 259 at 13–14).

Plaintiffs dispute Wang's account.  Plaintiffs state that on January 26, 2018, their original interpreter cancelled at the last minute, on the eve of trial, and Yan reached out to Wang to see if she could fill in.  (ECF No. 305 at 11).  Plaintiffs claim that Wang was the one to demand $100 per hour, and Yan "compromised" with her to pay $100 if Plaintiffs won at trial, or $60 if Defendants won.  (Id. at 11–12).  As to the extra $50 per hour, Plaintiffs also claim that when Wang learned on the first day of trial that she was being asked to do simultaneous translations for both Plaintiffs and Defendants, she demanded the extra fee, as to which Yan "had no option but to agree."  (Id. at 12).  Plaintiffs argue that her Small Claims Action was a "sham" that she brought "in concert" with Defendants' counsel.  (Id. at 13).  Plaintiffs also contend that Defendants' counsel and Wang acted "with malice" to fabricate her four-page Declaration, which she referred to in the Small Claims Action as having been two pages.  (Id. at 14–15).  On this basis, Plaintiffs suggest that Defendants' counsel instructed Wang to state falsely that Yan was the one to "direct[] [her] to inflate her rate from $100 to $150 per hour."  (Id. at 15).

The Court's takeaway from these competing versions of Wang's hourly rate is that the parties deeply distrust each other as a result of a lengthy and contentious litigation, but not that either side made any false statements to the Court regarding Wang.  It is possible that, in desperate need of an interpreter on the eve of trial, Yan offered Wang the option of a higher fee if Plaintiffs were successful, in which case Yan could expect to recover fees and costs to be able to pay the full amount.  That he was, at a minimum, less than transparent with Defendants' counsel about his negotiations with her and the reason for her demanding $150 per hour, i.e.,

that she would have to translate for both parties, is unfortunate, but does not appear malicious and there is no suggestion that Plaintiffs or Yan would somehow keep the difference for themselves.  In the end, Wang charged both Plaintiffs and Defendants $150 per hour, which is not an unreasonable rate for an interpreter in this District.  See, e.g., Jianhui Hu v. 226 Wild Ginger Inc., No. 17 Civ. 10161 (JGK) (KNF), 2020 WL 6324090 at *8 (S.D.N.Y. Oct. 7, 2020) (recommending as reasonable a $150 hourly rate for a Mandarin Chinese interpreter in a FLSA action) adopted by, 2020 WL 6324088 (S.D.N.Y. Oct. 27, 2020)).  Accordingly, the Court does not find that this episode justifies denying Plaintiffs' Second Fee Motion altogether.

### b.  Documentation

In support of Plaintiffs' Second Fee Motion, Plaintiffs have submitted billing invoices that list the time spent each day, identify the attorney performing the services, describe the services performed, and indicate the rate charged.  (ECF Nos. 306-1, 306-2).  Although Plaintiffs have submitted a declaration from Yan (the "First Yan Declaration") attaching the billing invoices, it does not include a recitation of counsel's education and experience.  (ECF No. 306).  While Plaintiffs have provided a Declaration for Yan's colleague, Norman Chan, they have included only very brief information about Yan in their memorandum of law, which is not sworn under penalty of perjury and is thus less persuasive.  (ECF No. 305 at 9).  That deficiency aside, the Court finds that Plaintiffs have satisfied their initial burden to submit sufficient documentation of the hours expended and the rates charged for purposes of the fee analysis.  See N.Y. State Ass'n, 711 F.2d at 1148; Martinez, 330 F.R.D. at 66.

### c. **Hourly rate**

Plaintiffs' legal team consisted of two attorneys, Yan and Chan, of the Law Offices of David Yan (the "Yan Firm").  (ECF No. 306-1, 306-2).  Plaintiffs request hourly rates of $350 and $300 for Yan and Chan, respectively.  (ECF No. 305 at 8).

### i. **Yan**

Yan is a graduate of Fordham and New York University Law Schools.  (ECF No. 305 at 9). He has been practicing law in New York since 2002, and has been involved in wage-and-hour litigation since 2012.  (Id.)

Two other courts in this District have recently awarded Yan an hourly rate of $350.  See Changxing Li, 2017 WL 892611, at *19; see also Zhongwei Zhou v. Dorothea Wu, No. 14 Civ. 1775 (RJS) (Order, ECF No. 153 at 4) (S.D.N.Y. Mar. 31, 2019).  Consistent with the judgment of these courts, the Court recommends that Yan be awarded an hourly rate of $350.

### ii. **Chan**

Chan is a graduate of Pace University Law School.  (ECF No. 228 at 1).  He has been practicing law in New York since 1999 and was admitted to the Southern District of New York in 2001.  (Id.).  Chan has litigated over 300 cases, (ECF Nos. 228 at 1; 305 at 9), although his September 1, 2018 Declaration indicates that this was his first federal trial.  (ECF No. 228 at 1). The record also does not reflect that Chan had any particular experience in wage-and-hour litigation,[4] and his work on the case appears to consist primarily of internal conferences with Yan and attending the First Trial.  (ECF No. 306-2 at 2–3).

---

[4] To that end, he declared that "[a]fter [] Yan invited me to join his trial in early of October, 2017, I researched the [FLSA] and case precedents in the SDNY."  (ECF No. 228 at 1).

As noted above, "[a]ssociates with at least eight years of experience . . . generally command rates of between $285 and $350 per hour." Siegel, 2016 WL 1211849, at *6.  Based on Chan's length of experience, balanced against his position at a small firm and his relatively minimal role in the case, the Court recommends that an hourly rate of at the lower end of this range, $285, is reasonable.

### d. Hours billed

#### i. Yan

Plaintiffs seek an award for the 384.29 hours expended by Yan.  (ECF No. 306-1 at 14). The Court finds that Yan's hours expended are unreasonable for four reasons such that a reduction is warranted.  First, Yan billed over 20 hours at full rates for travel time between his office and the courthouse.  (See, e.g., id. at 1 (Entry for 5/20/2016 – "Travel to 60 Centre Street to look for the entity information . . ."); at 6 (Entry for 6/1/2017 – "travel 1 hour to and 1 hour back" from conference with Judge Pitman)).  Although some courts have approved fee applications that included travel time, generally at a reduced rate, see, e.g., Auto. Club of N.Y., 2010 WL 3529235, at *3; Greenburger, 2010 WL 6561598, at *13, this Court agrees that "clients resist paying for travel time" and therefore, any fee award should exclude Yan's travel time. Tatum v. City of N.Y., No. 06 Civ. 4290 (PGG) (GWG), 2010 WL 334975, at *8 (S.D.N.Y. Jan. 28, 2010); see Cox v. Anjin LLC, No. 19 Civ. 4315 (GBD) (SLC), 2020 WL 5027864, at *8-9 (S.D.N.Y. July 24, 2020) (applying reduction to expended hours for travel time "when no legal work was performed").

Second, the billing records contain at least 44 entries totaling approximately 16 hours in which Yan performed administrative tasks.  (See, e.g., ECF No. 306-1 at 1 (Entry for 5/31/2016 –

"Retain a process server to serve the Summons, Civil Cover Sheet and Complaint on defendants," 0.5 hours); at 2 (Entry for 8/14/2016 – "File plaintiffs' Rule 26 initial disclosure to CM/ECF," 0.15 hours); at 10 (Entry for 1/24/2018 – "Email proposed voir dire in word format chamber [sic]," 0.25 hours)).  As the Court explained above, "Plaintiffs cannot recover for time spent by attorneys completing administrative tasks," Sevilla, 2017 WL 1185572, at *6, and the Court may appropriately make an across-the-board reduction with respect to the time Mr. Yan spent on this "less skilled work." E.S. v. Katonah-Lewisboro Sch. Dist., 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011), aff'd, 487 F. App'x 619 (2d Cir. 2012); see Kahlil, 657 F. Supp. 2d at 477 (finding that plaintiffs would "not be compensated for the time" their attorney "spent executing purely clerical tasks").

Third, Plaintiffs' billing records also reflect several entries for internal conferences.  (See, e.g., ECF No. 306-1 at 10 (Entry for 1/27/2018 – "Discuss with Norman Chan about the issues"); id. (Entry for 1/28/2018 – "Discuss with Norman Chan about the issues")).  For the same reasons discussed above concerning Defendants' counsel, these entries are duplicative and excessive such that a reduction is warranted.  (See supra § III(B)(1)(c)).

Fourth, but not least, the Court reflects on the quality of Plaintiffs' counsel's performance, Harris, 2012 WL 3956801, at *8, and "the degree of success" Plaintiffs have obtained.  Barfield, 537 F.3d at 152.  Plaintiffs' counsel's filings contain numerous obvious incompletions and errors, such as missing exhibit numbers (see ECF No. 310 at 8–11), such that filings had to be corrected and resubmitted.  (ECF No. 312).  Several of Plaintiffs' filings in relation to the present motions were also filed late (although the Court later construed them as timely filed given Defendants' non-objection).  (ECF Nos. 311, 311-1 to –32, 312).  While some of the delays may have been due to external circumstances, Plaintiffs' counsel appeared to make the late filings with the hope that

the Court would excuse the delay.  In addition, Judge Schofield observed that Yan "often appeared tired and/or distracted during [the First Trial], apparently sleeping at various points during the testimony."  (ECF No. 150 at 10).  Plaintiffs also claim that the Amended Judgment reflects that they "achieved the lion's share of what was sought."  (ECF No. 305 at 7).  In fact, however, the Amended Judgment Plaintiffs obtained was against only one of the three Defendants (Sunshine).  (ECF No. 321).  These circumstances lead the Court to conclude that Plaintiffs' counsel's performance was "mediocre" and the level of success minimal, "justif[ying] a reduction in the fee award."  Harris, 2012 WL 3956801, at *8; see Gordon v. Site 16/17 Dev., LLC, No. 11 Civ. 0427 (AJP), 2011 WL 3251520, at *6 (S.D.N.Y. July 28, 2011) (reducing attorneys' fees by 20% in light of, inter alia "the mediocre attorney performance"); Gesualdi v. Cirillo, No. 09-CV-4570 (KAM) (JMA), 2011 WL 666196, at *5 (E.D.N.Y. Jan. 3, 2011) (reducing fee award due to poor quality of counsel's submissions).

The Court finds that these four issues combined — time improperly billed for travel, administrative tasks, and internal conferences, as well as the quality of Yan's work and level of success — in comparison to similar cases justify a significant reduction of 40% to Yan's hours expended.  See Guo, 2016 WL 452319, at *7 (reducing plaintiffs' counsel's hours by 40% to account for various "inefficiencies"); Pichardo v. C.R. Bard Inc., No. 09 Civ. 7653 (SHS), 2015 WL 13784565, at *7 (S.D.N.Y. Jan. 26, 2015) (reducing attorneys' fees by 40%); see also Morozov v. ICOBOX Hub Inc., No. 18 Civ. 3421 (GBD) (SLC), 2020 WL 5665639, at *9 (S.D.N.Y. May 5, 2020) (reducing attorneys' fees by 40% due to deficiencies in plaintiffs' counsel's submission); Siegel, 2016 WL 1211849, at *11 (reducing hours spent on unsuccessful class certification motion by 50%).

**ii.** <u>**Chan**</u>

Plaintiffs seek an award for the 48.88 hours expended by Chan.  (ECF No. 306-2 at 2).  The Court finds that Chan's hours expended are unreasonable in three respects that warrant reduction.  First, like Yan, Chan billed approximately 10 hours of travel time at full rates.  (<u>See</u> ECF No. 306-2 at 2 (Entry for 1/25/2018 – "Travel 2 hours incl."); <u>id.</u> (Entry for 2/1/2018 – "travel 2 hrs")).  Second, Chan also billed over 10 hours for internal conferences with Yan.  (<u>See</u> ECF No. 306-2 at 2 (Entry for 12/22/2017 – "Confer with David Yan about adjourning conference"); <u>id.</u> (Entry for 1/29/2018 – "Discuss with David Yan to prepare trial [sic]"); <u>id.</u> (Entry for 1/31/2018 – "Discuss with David Yan to prepare trial [sic]")).  Third, the Court must again take into account Plaintiffs' degree of success.

The Court finds that these three issues combined warrant a 40% reduction similar to Yan. (<u>See</u> <u>supra</u> § III(C)(2)(d)(i)).

\*      \*      \*

Applying the Court's recommended reduction to the timekeepers' hourly rates and hours expended results in the following lodestar calculation:

| <u>Attorney</u> | <u>Requested Rate</u> | <u>Recommended Rate</u> | <u>Requested Hours</u> | <u>Reduced Hours</u> (40%) | <u>Recommended Total</u> |
|---|---|---|---|---|---|
| D. Yan | $350 | $350 | 384.29 | 230.57 | $80,699.50 |
| N. Chan | $300 | $285 | 48.88 | 29.3 | $8,350.50 |
| <u>TOTAL</u> | | | | 259.87 | $89,050.00 |

As noted above, courts in this Circuit "maintain[] a strong presumption that the lodestar is reasonable."  <u>Kreisler</u>, 2013 WL 3965247, at \*1.  Given the Court's reduction of Chan's hourly rate and 40% across-the-board reduction to the hours expended by both attorneys, combined with the fact that Yan had already excluded all hours for the Second Trial, the Court finds that a

further adjustment is not necessary.  Accordingly, the Court recommends as reasonable an award of attorneys' fees to Plaintiffs in the amount of $89,050.00

### e.  Costs

Plaintiffs seek $12,959.64 in costs for the First Trial only; they do not seek any costs for the Second Trial.  (ECF No. 306-3 at 1).  Defendants oppose any award of costs to Plaintiffs.  (ECF No. 259 at 1).

Having reviewed the documentation Plaintiffs submitted, the Court correctly calculates Plaintiffs' costs to total $13,281.64, and consist of:

| Cost | Amount |
|------|--------|
| Court filing fee | $400.00 |
| Process server charge | $70 |
| Interpreters (three) | $3,477.50 |
| Deposition transcripts | $2,699.25 |
| Trial transcripts | $3,947.40 |
| Printing and copying (external vendor) | $237.49 |
| Printing and copying (internal) | $2,128.00 |
| Certified copy of judgment | $22.00 |
| U.S. Marshals Service | $300.00 |
| **TOTAL** | **$ 13,281.64** |

(ECF No. 306-3).

An employee who prevails in a wage-and-hour action is entitled to recover costs.  See 29 U.S.C. § 216(b); NYLL § 663(1).  Recoverable costs are "'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'"  Perez Garcia, 2020 WL 1130765,

at *13 (quoting Leblanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (internal citation omitted)).

The Court finds that most of these fees are reasonable.  First, courts normally award costs in the amount of filing and service fees.  See Perez Garcia, 2020 WL 1130765, at *13; Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14 Civ. 10234 (JLC), 2016 WL 4704917, at *22 (S.D.N.Y. Sept. 8, 2016).  Second, interpreter costs and court reporting fees are also an expense that would "ordinarily [be] charged" to clients in this District.  Robinson v. City of N.Y., No. 05 Civ. 9545 (GEL), 2009 WL 3109846, at *12 (S.D.N.Y. Sept. 29, 2009); see, e.g., Apolinario v. Luis Angie Deli Grocery Inc., 14 Civ. 2328 (GHW), 2015 WL 4522984, at *4 (S.D.N.Y. July 27, 2015) (plaintiff, as prevailing party, was entitled to costs and expenses including hiring a Spanish interpreter for trial, and collecting cases).  Third, while printing and copying by an outside vendor at market rates are also reasonable, internal copying costs for undescribed documents are not.  Tatum, 2010 WL 334975, at *13 (noting that "Plaintiff's counsel may also recover photocopying costs, 'but [] must make clear what documents were copied, how many copies were made, the cost per page charged for copying, and why the copies were necessary.") (internal citation omitted).  Fourth, obtaining a certified copy of the judgment and having it served by the U.S. Marshals' Service are comparable to service of process fees and therefore also reimbursable.

Accordingly, deducting $2,128, the amount claimed for internal photocopying costs, the Court respectfully recommends that Plaintiffs be awarded costs in the amount of $11,153.64.

## IV.<u>CONCLUSION</u>

For the reasons set forth above, the Court recommends that:

(1)  Defendants' Second Fee Motion be GRANTED to the extent that Defendants be awarded attorneys' fees in the amount of $67,262.50 and costs in the amount of $1,104.74; and

(2)  Plaintiffs' Second Fee Motion be GRANTED to the extent that Plaintiffs be awarded attorneys' fees in the amount of $ 89,050.00 and costs in the amount of $11,153.64.

Dated:      New York, New York
            December 21, 2020

SARAH L. CAVE
United States Magistrate Judge

*               *               *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  <u>See also</u> Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Schofield.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).