UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
  MEIDE ZHANG, et al.,                                       :
                                                             :
                              Plaintiffs,     :        16 Civ. 4013 (LGS)
                                                             :
              -against-                       :        OPINION & ORDER
                                                             :
  LIANG ZHANG, et al.,                                       :
                              Defendants.     :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Plaintiffs Meide Zhang and Zhongliang Qui brought this action asserting claims under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law

("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Defendants Liang Zhang, Ru Qiu Li, and

Sunshine USA Inc. d/b/a Wu Liang Ye ("Sunshine").  The parties now seek attorneys' fees

following two jury trials.

        At the first trial ("Trial One"), the jury concluded Defendant Qiu Li was not Plaintiffs'

employer and otherwise rendered a verdict for Plaintiffs as to Defendants Zhang and Sunshine.

Defendants filed a post-trial motion for a new trial and sanctions against Plaintiffs' counsel Mr.

David Yan for his misconduct during trial.  The motion was granted by the Opinion and Order

dated April 17, 2018 (the "First Trial Order").  The order awarded as sanctions Defendants'

reasonable attorneys' fees and costs incurred in connection with Defendants' post-trial motion

and the new trial.  Following the second trial ("Trial Two"), which was limited to the single issue

of Defendant Zhang's liability, the jury rendered a verdict for Defendant Zhang.  Plaintiffs filed

post-trial motions, which were denied.  Following Trial Two, an Amended Judgment was entered

in favor of Plaintiffs against Defendant Sunshine.

The parties filed motions for attorneys' fees, which were denied without prejudice to renewal after resolution of Plaintiffs' appeal to the United States Court of Appeals for the Second Circuit. The Second Circuit affirmed the First Trial Order, except found that it had no jurisdiction with respect to the sanctions order because there was never a final order specifying the amount of attorneys' fees awarded and remanded the case for further proceedings. The Court of Appeals noted an issue that it did not reach -- "whether attorneys' fees may be awarded as sanctions for an attorney's misconduct in the absence of a finding of bad faith in the circumstances of this case, where the misconduct was arguably not inherent to client representation."[1]

Following the appeal, this Court reinstated its order following Trial One awarding as sanctions against Mr. Yan Defendants' attorneys' fees and costs incurred in connection with Defendants' Trial One post-trial motion and Trial Two. The parties filed renewed motions for attorneys' fees, which were referred to Magistrate Judge Sarah L. Cave.

Plaintiffs seek fees and costs in the amount of $162,125.14 as the prevailing party,[2] and Defendants seek fees and costs in the amount of $104,273.74. On December 21, 2020, Judge Cave issued a Report and Recommendation (the "Report"), which recommended granting in part the parties' motions and awarding Plaintiffs $100,203.64 in fees and costs, and Defendants $68,367.24 in fees and costs. Plaintiffs and Defendants timely filed objections. For the reasons

---

[1] The First Trial Order sanctioned Mr. Yan, pursuant to the Court's inherent power, for his "reckless failure to perform his . . . responsibilit[ies] as an officer of the court." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000); *see also Int'l Tech. Mktg., Inc. v. Verint Sys., Ltd.*, No. 19-1031, 2021 WL 968819, at *5 n.5 (2d Cir. Mar. 16, 2021).
[2] Defendants do not dispute that Plaintiff is a prevailing party entitled to recover reasonable attorneys' fees and costs under FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a).

below, Plaintiffs' and Defendants' objections are mostly overruled, and the Report is adopted as modified.

## I.     LEGAL STANDARDS

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The district court "may adopt those portions of the report to which no 'specific, written objection,' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y.), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013).  A district court need only satisfy itself that there was "no clear error on the face of the record." *Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

A district court must conduct a *de novo* review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 73(b)(3); *accord United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015); *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, No. 10 Civ. 7332, 2013 WL 2395615, at *1 (S.D.N.Y. May 31, 2013) ("[W]hen reviewing a magistrate judge's decision on a motion for attorney's fees, the Court will treat that motion as a 'dispositive pretrial matter' and will review, *de novo,* any portions to which a party has stated a timely objection.").  When a party "makes only conclusory or general objections, or simply reiterates the original arguments, [a] [c]ourt will review the [r]eport strictly for clear error." *Shipkevich v. N.Y. & Presbyterian Hosp.*, No. 16 Civ. 9630, 2020 WL 5796202, at *2 (S.D.N.Y. Sept. 29, 2020).  A district court should not, however, entertain new grounds for relief or additional legal arguments that were not before the magistrate

judge. *See Walker v. Stinson*, 205 F.3d 1327, 1327 (2d Cir. 2000) (holding that a district court did not abuse its discretion in refusing to consider an argument that a petitioner failed to raise before a magistrate judge); *accord Kriss v. Bayrock Grp.*, No. 10 Civ. 3959, 2015 WL 1305772, at *1 (S.D.N.Y. Mar. 23, 2015).

To determine what constitutes a "reasonable fee," courts begin by looking to the lodestar, "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The most critical factor in a district court's determination of what constitutes reasonable attorneys' fees in a given case is the degree of success obtained by the party requesting fees. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *accord Rothman v. City of N.Y.*, No. 19 Civ. 225, 2020 WL 7022502, at *2 (S.D.N.Y. Nov. 30, 2020). The lodestar method is also used to determine reasonable attorneys' fees to be awarded as sanctions. *See, e.g., Loc. Union No. 40 Int'l Ass'n Bridge v. Car-Win Consr. Inc.*, 88 F. Supp. 3d 250, 281 (S.D.N.Y. 2015); *Martinez v. City of N.Y.*, 330 F.R.D. 60, 66 (E.D.N.Y. 2019). The Second Circuit has cautioned that "the use of the lodestar amount . . . might lead some judges to impose an excessive sanction upon some plaintiffs." *Eastway Const. Corp. v. City of New York*, 821 F.2d 121, 122 (2d Cir. 1987); *accord Rock v. Enfants Riches Deprimes, LLC*, No. 17 Civ. 2618, 2020 WL 468904 (S.D.N.Y. Jan. 29, 2020).

A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). The rate must be "in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) (internal

quotation marks omitted).  A court should consider the *Johnson* factors[3] to help determine "what rate a paying client would be willing to pay."  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 186 (2d Cir. 2008) (citing *Johnson*, 488 F.2d; *see also Lilly v. City of New York*, 934 F.3d 222, 239-230 (2d Cir. 2019).  A court does not need to make specific findings as to each factor as long as all are considered.  *See, e.g.*, *R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019).

## II.     DISCUSSION

The portions of the Report to which there are specific objections are reviewed *de novo*, and the remainder is reviewed for clear error.  Under these standards, the parties' objections are mostly overruled.  The Report is adopted as modified below.

### A.  Objections to the Report's Recommendation Regarding Plaintiffs' Renewed Attorneys' Fees Motion

Plaintiffs seek an award of $149,165.50 in attorneys' fees plus $12,959.64 in costs.  The Report recommended an award of $89,050 in attorneys' fees and $11,153.64 in costs.  Defendants' objections to this recommendation are overruled, and the Report's recommended award regarding Plaintiffs' renewed attorneys' fees motion is adopted.

---

[3]  The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Arbor Hill*, 522 F.3d at 186 & n.3 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

### 1.      Hourly Rates

Defendants object to the Report's recommended hourly rates for Plaintiffs' attorneys: $350 for Mr. Yan and $285 for Mr. Norman Chan.  Defendants argue that those rates should be reduced to $250.00 and $200.00 per hour respectively.  Defendants argue that the Report's recommended rates insufficiently considered the attorneys' performance, relying on *Feng Chen v. Patel*, a recent case where Mr. Yan was awarded $250 per hour due to deficient performance.  *See Feng Chen v. Patel*, No. 16 Civ. 1130, 2020 WL 1547457 (S.D.N.Y. Mar. 31, 2020).  Since Defendants have raised a specific objection, this portion of the Report is reviewed *de novo*.  *See* 28 U.S.C. § 636(b)(1).

The Report correctly determined Mr. Yan's reasonable hourly rate of $350.  Courts in this District generally award experienced wage-and-hour attorneys between $300 and $400 per hour.  *See Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) (collecting cases).  Mr. Yan is an experienced wage-and-hour attorney, as he has practiced in the State of New York for approximately eighteen years and has been involved in wage-and-hour litigation since 2012.  Mr. Yan's customary hourly rate is $350, which has been recently awarded in similar wage-and-hour disputes.  *See Changzing Li v. Kai Xiang Dong*, No. 15 Civ. 7554, 2017 WL 892611, at *19 (S.D.N.Y. Mar. 7, 2017), *report and recommendation adopted*, No. 15 Civ. 7554, 2017 WL 1194733 (S.D.N.Y. Mar. 31, 2017); Order, *Zhou v. Wu*, No. 14 Civ. 1775, ECF No. 153 at 4 (S.D.N.Y. Mar. 31, 2019).  An attorney's ability is also a relevant factor in a court's determination of a reasonable hourly rate.  Here, Mr. Yan's efforts ultimately yielded a judgment against Defendant Sunshine, and in this case, Mr. Yan's performance issues are factored into an overall reduction to hours expended.

Considering these data points and the relevant *Johnson* factors, a reasonable rate for Mr. Yan in this case is $350 per hour.

### 2.   Hours Reasonably Expended

Defendants object to the Report's recommended 40% reduction of Mr. Yan's and Mr. Chan's hours expended and argue that the hours should be reduced by 50%. A 40% reduction is appropriate for the same reasons provided in the Report.[4] Defendants again rely on *Feng Chen v. Patel*. In *Feng Chen*, Judge Torres found a 50% reduction appropriate because Mr. Yan's "uncommonly poor quality of representation . . . had a significant impact on Plaintiffs' ability to establish successor liability, which substantially limited their recovery." *Feng Chen*, 2020 WL 1547457 at *4. Here, the relative amount of success achieved and Mr. Yan's quality of representation do not warrant more than a 40% reduction.

### 3.   Costs

The Report recommended reimbursing Plaintiffs $11,153.64 in costs. Defendants object to the recommendation to award costs incurred for an interpreter. Defendants argue that the costs cannot be reimbursed claiming that they have not yet been paid. In support, Defendants

---

[4] Judge Cave correctly relied upon the following factors in recommending a 40% reduction: the billable time included (1) travel time, for which clients are not obligated to pay, *see Cox v. Anjin LLC*, No. 19 Civ. 4315, 2020 WL 5027864, at 8-9 (S.D.N.Y. July 24, 2020), *report and recommendation adopted*, No. 19 Civ. 4315, 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020) (applying reduction to expended hours for travel time "when no legal work was performed"); (2) sixteen hours during which Mr. Yan performed administrative tasks, *see Sevilla v. Nekasa Inc*, 16 Civ. 2368, 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) ("Plaintiffs cannot recover for time spent by attorneys completing administrative tasks."); and (3) various internal conferences, which Judge Cave correctly found to be duplicative and excessive. Judge Cave also took into account Mr. Yan's generally subpar performance as an attorney. Taken together, these factors justify a 40% reduction in Plaintiffs' total hours expended. *See Morozov v. ICOBOX Hub Inc.*, No. 18 Civ. 3421, 2020 WL 5665639, at *9 (S.D.N.Y. May 5, 2020), *report and recommendation adopted*, No. 18 Civ. 3421, 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020) (reducing attorneys' fees by 40% due to deficiencies in plaintiff's counsel's submissions).

provide a New York City Small Claims Court judgment entered against Mr. Yan.  Defendants'
objection is overruled.  The request for interpreter costs was substantiated by Plaintiffs'
submissions, which included an invoice indicating the amount owed to the interpreter.  Courts in
this District routinely deem invoices and attorney declarations sufficient to substantiate
reasonable costs.  *See, e.g.*, *Rosales v. Gerasimos Enters.*, No. 16 Civ. 2278, 2018 WL 286105,
at *2 (S.D.N.Y. Jan. 3, 2018) ("[C]osts for which a claimant provides extrinsic proof, such as an
invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or
declaration."); *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176, 2017 WL 66325, at *2 (S.D.N.Y.
Jan. 6, 2017).  Defendants have not provided any case law in support of their argument that a
party may not be awarded reasonable costs for costs incurred but not yet paid.  Hopefully, Mr.
Yan will pay the court reporters once he recovers these costs.

### 4.    Fraudulent Scheme

Defendants object to the recommendation to award Plaintiffs' counsel any fees and costs,
arguing that an alleged fraudulent scheme by Plaintiffs' counsel precludes any award.  Since
Defendants have largely reiterated the same arguments and evidence before Judge Cave, the
portion of the Report addressing these arguments is reviewed for clear error.  Judge Cave did not
clearly err in determining that no fraudulent scheme warranted denying Plaintiffs an award of
reasonable fees and costs.  Judge Cave carefully reviewed and summarized both Plaintiffs' and
Defendants' submissions and versions of events, and reasonably concluded that the parties'
allegations merely reflect that "the parties deeply distrust each other as a result of a lengthy and
contentious litigation."  This objection is overruled.

**B. Objections to the Report's Recommendation Regarding Defendants' Attorneys' Fees Motion**

Defendants seek an award of $114,852.50 in attorneys' fees and $1,212.74 in costs. The Report recommended granting in part Defendants' motion and awarding $67,262.50 in attorneys' fees and $1,104.74 in costs. Plaintiffs and Defendants object to the Report's recommendation regarding Defendants' renewed attorneys' fees motion. These objections are mostly overruled, and the Report is adopted as modified below. The Court has also considered whether the awarded amount is an appropriate sanction and concludes that it is appropriately calibrated to Mr. Yan's reckless failure to perform his responsibility as an officer of the court and the result of his actions. *See Eastway Const. Corp.*, 821 F.2d at 122 ("It is of the essence of decision-making with regard to sanctions that their severity be carefully calibrated by those entrusted with the responsibility for imposing them.").

**1.    Documentation**

Plaintiffs object to the Report's determination that Defendants have submitted sufficient documentation specifying the date, hours expended and nature of work completed. Plaintiffs argue that Defendants' failure to submit their retainer agreement precludes Defendants from recovering attorneys' fees. Plaintiffs argue that the fee-shifting sanction incentivizes Defendants to inflate their rates and hours billed, and accordingly, further substantiation is required. This argument was presented in Plaintiffs' initial attorneys' fees motion, which was incorporated by reference in Plaintiffs' renewed attorneys' fees motion. Accordingly, this portion of the report will be reviewed for clear error.

The Report correctly found that Defendants have satisfied their initial burden of submitting sufficient documentation. Defendants submitted sufficient documentation to substantiate the recommended award of attorneys' fees and costs, including attorney affidavits

accompanied by contemporaneous billing invoices providing the requisite detail, *i.e.*, the date, the hours expended, and the nature of the work done.  *See Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014).  The Report did not err because it adequately addressed Plaintiffs' concerns that Defendants were inflating their fees by considering the rates "prevailing in the [Southern District] for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 208 (2d Cir. 2005), and assessing the reasonableness of the hours expended.  This objection is overruled.

## 2.    Hourly Rates

Plaintiffs object to the Report's recommended hourly rates for Defendants' attorneys. Plaintiffs argue that Defendants would not have been willing to pay for experienced attorneys' representation during Trial Two absent the fee-shifting sanction.  This argument is unpersuasive. Defendants were represented by attorneys Mr. Hugh Mo and Mr. Pedro Medina during Trial One.  During Trial Two, Defendants were primarily represented by Ms. Elizabeth Mo, a more junior and less experienced attorney, who billed the vast majority of the hours expended during that trial.  Mr. Mo and Mr. Medina's prior involvement in Trial One combined with their substantially limited involvement in Trial Two belies any suggestion by Plaintiffs that experienced, senior attorneys were unnecessary and would not have been paid for by Defendants. To the extent Plaintiff's objection is aimed at the Report's hourly rate analyses, upon consideration of the relevant rates in this District and the *Johnson* factors, the Court agrees with the Report's ultimate recommendation of Mr. Mo's, Mr. Medina's and Ms. Mo's reasonable rates.

### 3.      Hours Reasonably Expended

Both Plaintiffs and Defendants object to the Report's calculation of Defendants' reasonable hours expended over the course of Trial Two.  Since they have provided specific objections to the Report's findings, the objections warrant *de novo* review.  The objections are overruled, except with respect to certain of Plaintiffs' objections regarding the scope of the sanctions award, which is addressed separately below.

Defendants object to the Report's recommended reductions to hours expended by Defendants' attorneys.  Defendants argue that they already applied an across-the-board 20% internal reduction of the fees charged to their clients during the Trial Two billing period and worked as efficiently as possible.  Defendants' arguments are unpersuasive.  The Report correctly factored Defendants' inconsistency in time spent attending status conferences and excessive attorney conferences as grounds for the across-the-board 10% and 15% reductions, and explicitly weighed the consideration that an internal reduction had already been applied.

Plaintiffs object to the Report's calculation of Defendants' reasonable hours expended on two grounds.  First, Plaintiffs object to Defendants' general use of block billing, arguing that the use of block billing warrants increasing Defendants' reduction percentages.  As Plaintiffs recognize, block billing is not automatically disfavored in this District, *see Adusumelli v. Steiner*, No. 08 Civ. 6932, 2013 WL 1285260, at *4 (S.D.N.Y. Mar. 28, 2013).  The across-the-board reductions adequately address issues arising from any entries reflecting block billing.  Second, Plaintiffs object that Ms. Mo's hours throughout Trial Two and all hours billed in connection with drafting fee applications are excessive.  These objections are rejected.  Having reviewed the billed amounts, they appear reasonable, and any excess amount billed is adequately addressed by the across-the-board reductions.  Further scrutiny of the hourly billing records is unwarranted.

*See Hensley v. Eckerhart*, 461 U.S. 424, 437 (the determination of fees "should not result in a second major litigation."); *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.").

### 4.     Plaintiffs' Objections Regarding the Sanctions

Plaintiffs object to the Report's recommendation to reimburse certain costs and hours billed on the grounds that they are outside the scope of the sanction.  The First Trial Order, which resolved Defendants' post-trial and sanctions motions, states that "Mr. Yan shall pay Defendants' reasonable attorneys' fees and costs incurred in connection with these motions and a new trial."  Plaintiffs' objections are overruled in part.

### a.  Hours Billed

Plaintiffs argue that certain hours billed are outside the scope of the sanction and were incorrectly considered in the recommended fee award.  First, Plaintiffs contend that the time billed in connection with Defendants' post-trial motion to set aside the Trial One verdict should not have been included in the fee award.  This objection is overruled.  The sanction clearly encompasses Defendants' post-trial motion.

Plaintiffs also argue that the Report erred in awarding attorneys' fees and costs preparing and attending the deposition of a witness on the eve of Trial Two.  Plaintiffs filed a motion in limine seeking to exclude this witness, and the Court allowed the parties to take a limited deposition.  The attorneys' fees and costs in connection with this deposition were incurred in connection with Trial Two and thus fall within the scope of the sanction.

Plaintiffs also contest the amounts awarded for Defendants' drafting of fee applications, reviewing and correcting the judgment, conferring on a writ of execution and reviewing a proposed joint letter.  These objections are overruled in part.  Time billed for Defendants' fee

applications were correctly considered as part of the recommended fee award.  "[U]nless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed."  *See Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist*, 71 F.3d 1053, 1060 (2d Cir. 1995); *Novick v. AXA Network, LLC*, No. 07 Civ. 7767, 2015 WL 764021, at *4 (S.D.N.Y. Feb. 23, 2015).  The time billed for reviewing post-trial motions following Trial Two is also within the scope of the sanction, as such motions would not have been necessary but for Trial Two and are appropriately considered fees "incurred in connection with . . . a new trial."  The Court agrees that the time billed for reviewing and correcting the judgment and conferring on a writ of execution should not be included in the award.  Fees in connection with the judgment and writ of execution would have been incurred whether or not Trial Two occurred.  Ms. Mo billed a total of 1.2 hours on these matters.  The award is modified to exclude attorneys' fees for those hours, as follows:

| **Attorney** | **Hourly Rate** | **Hours Before Applying Reduction** | **Hours After Applying Reduction[5]** | **Total** |
|---|---|---|---|---|
| Hugh Mo | $450 | Trial 1: 3.9<br><br>Trial 2: 33.4 | Trial 1: 3.5<br><br>Trial 2: 28.4 | $1,575.00<br><br>$12,780.00 |
| Pedro Medina | $350 | Trial 1: 24.8<br><br>Trial 2: 12.1 | Trial 1: 22.3<br><br>Trial 2: 10.3 | $7,805.00<br><br>$3,605.00 |
| Elizabeth Mo | $275 | Trial 2: 177.5 – 1.2 = 176.3 | Trial 2: 149.9 | $41,222.50 |
| **Total** | | | | **$66,987.50** |

---

[5] 10% reduction for Post-First Trial Period and 15% reduction for Second Trial Period.

#### b.  Costs

Plaintiffs object to the Report's recommended award of costs to Defendants, including costs associated with (1) trial transcripts; (2) PACER fees; and (3) subpoena fees.  Plaintiffs argue that Defendants would not have expended these costs but for the sanction.  Defendants, in their initial fees motion, explain that the costs incurred "solely relate[] to Trial Two," and cite Mr. Mo's declaration in support of that proposition.  The declaration states that the costs sought in connection with the post-verdict sanctions proceedings and Trial Two include "costs for transcripts and subpoena fees."  Accordingly, Defendants have shown that the costs for the transcripts and subpoena fees are appropriately considered within the scope of the sanction.

Plaintiffs are correct that Defendants have not shown that the PACER fees were related to either Defendants' Trial One post-trial motions or Trial Two generally.  Although the PACER invoice is dated April 5, 2018, the usage period for the invoice runs from January 1, 2018, to March 31, 2018, a period of time that includes Trial One, and the post-trial briefing period. Moreover, the invoice does not specify whether the fees were incurred in connection with the instant case only.  The Report's recommendation to award the requested amount of $1,104.74 in costs is adopted as modified to exclude the $289.30 PACER fees requested.  Defendants are awarded $815.44 in costs.

#### 5.  Plaintiffs' Unclean Hands Argument

Plaintiffs object to the recommendation to award Defendants any attorneys' fees and costs.  Plaintiffs argue that the equitable doctrine of unclean hands precludes Defendants from recovering attorneys' fees and costs based on allegations that Defendants have engaged in a fraudulent transfer of assets.  Plaintiffs argue that the Report's failure to discuss Plaintiffs' unclean hands argument warrants *de novo* review.  Contrary to Plaintiffs' assertion that the

14

Report "did not go further to discuss whether the award of attorneys' fees . . . would be unjust due to the unclean hands of the Defendants," the Report did not address this argument because Plaintiffs did not raise it.  Rather, Plaintiffs have recast their arguments regarding Defendants' "fraudulent transfer of assets" in the form of a new legal theory.  The Court declines to address this new legal argument.  *See Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at *2 (2d Cir. 2000) (holding that a district court did not abuse its discretion in refusing to consider an argument that a petitioner failed to raise before a magistrate judge); *accord Kriss v. Bayrock Grp.*, No. 10 Civ. 3959, 2015 WL 1305772, at *1 (S.D.N.Y. Mar. 23, 2015).

## III.    CONCLUSION

The Court has considered all of the parties' objections and, to the extent not addressed above, have found them to be without merit.  As to the remainder of the Report to which neither Plaintiff nor Defendant objected, the Court finds no clear error on the face of the record.  28 U.S.C. § 636(b)(1) (In reviewing a magistrate judge's recommendations, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *accord Niles v. O'Donnell*, No. 17 Civ. 1437, 2019 WL 1409443, at *1 (S.D.N.Y. Mar. 28, 2019).

For the reasons above, the parties' objections are overruled in part and the Report is adopted as modified.  Plaintiffs are awarded attorneys' fees in the amount of $89,050.00 and costs in the amount of $11,153.64.  Defendants are awarded attorneys' fees in the amount of $66,987.50 and costs in the amount of $815.44.

The Clerk of Court is respectfully directed to close Dkt. Nos. 303, 304 and 325.

SO ORDERED.

Dated: March 26, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**