```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MEIDE ZHANG, et al.,                                        :
                              Plaintiffs,                   :
                                                            :     16 Civ. 4013 (LGS)
             -against-                                      :
                                                            :         ORDER
LIANG ZHANG, et al.,                                        :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 21, 2020, Magistrate Judge Sarah L. Cave issued a Report and Recommendation ("Report"), which recommended granting in part the parties' motions for attorneys' fees and costs. Plaintiffs and Defendants filed objections.

WHEREAS, on March 26, 2021, the Report was adopted as modified in an Opinion and Order ("Order"). Plaintiffs were awarded attorneys' fees and costs in the amount of $100,203.64, and Defendants were awarded attorneys' fees and costs in the amount of $67,802.94.

WHEREAS, on May 4, 2021, Plaintiffs and their counsel filed a motion for extension of the time to file a notice of appeal under Rule (4)(a)(5) of the Federal Rules of Appellate Procedure ("FRAP") because Plaintiffs' counsel did not notice the Order. Plaintiffs' counsel explains that he received the Order, but it was "in the folder of 'Promotions', a kind of folder to hold spam emails" within his email inbox.

WHEREAS, FRAP Rule 4(a)(5) gives a district court the discretion to extend a party's time to file a notice of appeal only if the party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). "The excusable neglect standard applies in situations in which there is fault . . . . The good cause standard applies in situations in which there is no fault -- excusable or otherwise." Fed. R. App. P. 4 advisory committee's notes to 2002 amendment. The

determination of whether a party's failure to meet a deadline is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993); *accord Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16 Civ. 6399, 2020 WL 6538743, at *2 (S.D.N.Y. Nov. 6, 2020). When considering FRAP Rule 4(a)(5) motions, courts focus on "the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer*, 507 U.S. at 395); *accord Bradshaw v. City of N.Y.*, No. 18 Civ. 8944, 2019 WL 6997969, at *2 (S.D.N.Y. Dec. 20, 2019). The Second Circuit takes a "hard line" when determining whether excusable neglect has occurred. *Commc'ns Network Int'l, Ltd. v. MCI WorldCom Commc'ns, Inc.* (*In re Worldcom, Inc.*), 708 F.3d 327, 337-38 (2d Cir. 2013); *accord Hanks*, 2020 WL 6538743, at *2.

WHEREAS, Plaintiffs have not made a showing of excusable neglect. Counsel for Plaintiffs' failure to check his promotions folder, which he states is like a spam folder, for over a month does not rise to the level of excusable neglect. *See, e.g.*, *William v. City of N.Y.*, No. 16 Civ. 5208, 2018 WL 11219952, at *2 (S.D.N.Y. July 23, 2018) (collecting cases); *Weiming Chen v. Ying-Jeou Ma*, No. 12 Civ. 5232, 2014 WL 464779, at *2 (S.D.N.Y. Jan. 31, 2014). Plaintiffs' counsel also argues that an injury prevented him from checking his email, but he claims to have been unable to check his email for only a few days following the issuance of the March 26, 2021, Order.

WHEREAS, Plaintiffs have not made a showing of good cause. Plaintiffs' counsel argues good cause exists because the delivery of the email with the Order to his promotions folder was outside of his control. Even if the delivery of emails to the promotions folder was outside of his control, access to the emails in that folder was within his control, as demonstrated by his ability

to locate the email with the Order on May 3, 2021.  It is hereby

**ORDERED** that Plaintiffs' motion for an extension of time to file a notice of appeal is denied.

The Clerk of Court is respectfully directed to close Docket No. 334.

Dated: May 6, 2021
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**